**George J. McCUSKER, Plaintiff,**

v.

**SURGICAL MONITORING ASSOCIATES, INC., et al., Defendant.**

**No. CIV.A.01–891 KAJ.**

United States District Court, D. Delaware.

Jan. 14, 2004.

Ben T. Castle, and Neilli Mullen Walsh, Young Conaway Stargatt & Taylor, LLP, Wilmington, DE, counsel for plaintiff.

John D. Balaguer, White and Williams LLP, Wilmington, DE, counsel for defendant Surgical Monitoring Associates, Inc.

Mason E. Turner, Jr., Wilmington, DE, counsel for defendant Anesthesia Services, P.A.

Gilbert F. Shelsby, Morgan, Shelsby & Leoni, Newark, DE, counsel for defendant Neurosurgery Consultants, P.A.

James Edward Drnec, Esq., Morris, James, Hitchens & Williams, Wilmington, DE, counsel for defendant Christiana Care Health Services, Inc.

## MEMORANDUM OPINION

JORDAN, District Judge.

## I. INTRODUCTION

This is a claim of medical negligence under the Delaware Medical Malpractice Act (the "Act"), 18 Del. C. § 6853. Jurisdiction is proper under 28 U.S.C. § 1332. Plaintiff George J. McCusker filed this action on December 21, 2001, alleging that defendants were negligent in rendering medical care to him during back surgery performed on September 20, 2000. (Docket Item ["D.I."] 1.) Presently before me are Motions for Summary Judgment filed by defendants Surgical Monitoring Associates, Inc. ("SMA") and Anesthesia Services, P.A. ("ASPA"). (D.I.89, 90.) For the following reasons, SMA's and ASPA's Motions will be granted.

## II. BACKGROUND

On September 20, 2000, plaintiff underwent back surgery, consisting of an anterior cervical discectomy at the spinal cord levels of C3–4, C4–5, C5–6, accompanied by a decompression and intervertebral body fusion using cancellous allograft.

(D.I.1, ¶ 7.) The surgery was performed by Dr. Bikash Bose, an employee of defendant Neurosurgery Associates, P.A. (D.I. 89 at 1.) Neurophysiologic monitoring was to occur throughout the operation to gauge whether plaintiff experienced neurologic compromise at any time during the operation. (*Id.*, ¶ 8.) However, the neurophysiologic monitoring did not occur, and the compromise of plaintiff's C5–6 nerve root was not detected during the operation. (*Id.*, ¶ 10.) After the surgery, plaintiff suffered decreased movement and permanent loss of use of his upper extremities. (*Id.*, ¶ 11, 12.)

Plaintiff filed a complaint on December 21, 2001, alleging that all defendants departed from the acceptable standard of care, within the meaning of the Act, and were negligent in a manner that proximately caused his injury during the course of his September 20, 2000 surgery. (*Id.*, ¶ 13.) The parties were required to identify expert witnesses by July 15, 2003, and the discovery cut-off in this case was October 15, 2003. (D.I. 89, Exh. B at 2.) SMA filed its Motion for Summary Judgment on September 16, 2003, (D.I.89), and ASPA filed its Motion for Summary Judgment on September 23, 2003 (D.I.90). Plaintiff responded to both Motions for Summary Judgment on October 3, 2003. (D.I.94.) On December 22, 2003, upon stipulation by the parties, defendant Christiana Care Health Services, Inc. ("Christiana") was dismissed from this action with prejudice.[1] The remaining parties are scheduled to begin a five-day jury trial on February 9, 2004. (*Id.* at 5.)

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 states that summary judgment should be

---

1. Therefore, Christiana's Motion for Summary Judgment (D.I.86), filed on August 27, 2003, will be denied as moot.

granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The plain language of Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)); *see also Burkhart v. Davies,* 602 A.2d 56, 59 (Del.1991). A complete failure of proof concerning an essential element of the nonmoving party's case "necessarily renders all other facts immaterial," such that "there can be 'no genuine issue as to any material fact.'" *Id.* In such a situation, "[t]he moving party is 'entitled to summary judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.*

## IV. DISCUSSION

■ SMA and ASPA argue that they are entitled to summary judgment as a matter of law because plaintiff has provided no expert medical testimony supporting his claims of medical negligence, as required by 18 Del. C. § 6853(e). (D.I. 89 at 3; D.I. 90 at 2.) The moving parties rely on the Delaware Supreme Court's decision in *Burkhart v. Davies,* 602 A.2d 56 (Del.

1991), to support their arguments. (*Id.*) Plaintiff responds that there is adequate expert deposition testimony to prove the "need for effective communication" in the operating room, and that genuine issues of material fact remain as to what actually occurred in the operating room during his September 20, 2000 operation. (D.I. 94 at 2.) SMA asserts that there is no expert testimony that "SMA breached the standard of care in connection with [ ] plaintiff's surgery." (D.I. 89 at 2.) Similarly, ASPA maintains that plaintiff has not proffered any expert testimony regarding his claim that ASPA's employee, David Emerson, breached the applicable standard of care. (D.I. 90 at 2.)

■ The Delaware Medical Malpractice Act (the "Act") requires that a plaintiff's claim for medical malpractice be supported by expert medical testimony. *Burkhart,* 602 A.2d at 59. The statute provides, in relevant part:

> No liability shall be based upon asserted negligence unless expert medical testimony is presented as to the alleged deviation from the applicable standard of care in the specific circumstances of the case and as to the causation of the alleged personal injury . . . .

18 Del. C. § 6853(e) (2003).[2] The plaintiff bears the initial burden of presenting expert medical testimony on both the deviation from the applicable standard of care and causation. *Burkhart,* 602 A.2d at 59 (citing *Russell v. Kanaga,* 571 A.2d 724, 732 (Del.1990)). Consistent with the plain language of the Act, "the production of expert testimony is an essential element of a plaintiff's medical malpractice case and, as such, is an element on which he [ ] bears the burden of proof." *Id.* Summary judg-

2. There are certain exceptions recognized in the Act that do not apply to plaintiff's case. *See* 18 Del. C. §§ 6853(e)(1), (e)(2) and (e)(3) (2003) (rebuttable inference of negligence arises when foreign object unintentionally left in patient's body, explosion or fire occurs during treatment, or surgery performed on the wrong patient or organ).

ment is proper when a plaintiff fails to adduce any expert medical testimony in support of his allegations of negligence under the Act.[3] *Id.* at 60.

During discovery, plaintiff identified Dr. Bikash Bose, Dr. Matthew Cooper, Dr. Robert Mesrobian, Rebecca Drake, and Dr. Isabelle Richmond as experts who would testify as to the standard of care required during surgery and to opine as to whether that standard of care was breached during plaintiff's September 20, 2000 operation. (D.I.89, Exh. A.) However, in response to SMA's and ASPA's Motions for Summary Judgment, plaintiff only includes excerpts from Dr. Bose's deposition testimony, together with excerpts from the deposition testimony of certain "anesthesia defendants," none of whom were identified as expert witnesses by plaintiff.[4] (D.I.94, Exhs.A–D.) After reviewing the portions of the deposition testimony provided by plaintiff, I find no mention of the applicable standard of care pertaining to SMA or ASPA in the specific circumstances of this case and whether it was breached during plaintiff's September 20, 2000 operation. Plaintiff has failed to meet his burden of presenting expert medical testimony as to the alleged deviation from the applicable standard of care, as required by 18 Del. C. § 6853(e). Thus, there is a lack of necessary proof concerning an essential element of his case, rendering all other facts imma-

terial. *Burkhart*, 602 A.2d at 60 (citing *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548) (complete failure of proof concerning essential element of nonmoving party's case "necessarily renders all other facts immaterial," and there is no genuine issue as to any material fact). Summary judgment in favor of SMA and ASPA is appropriate. *Id.*

## V.   CONCLUSION

For the reasons stated herein, SMA's Motion for Summary Judgment (D.I.89) and ASPA's Motion for Summary Judgment (D.I.90) will be granted. An appropriate order will issue.

### *ORDER*

For the reasons stated in the Memorandum Opinion issued on this date, it is hereby ORDERED that:

1. Christiana Care Health Services, Inc.'s Motion for Summary Judgment (D.I.86) is DENIED as moot;

2. Surgical Monitoring Associates, Inc.'s Motion for Summary Judgment (D.I.89) is GRANTED;

3. Anesthesia Services, P.A.'s Motion for Summary Judgment (D.I.90) is GRANTED.

---

**3.** SMA and ASPA are not required to submit affidavits by medical experts in support of their Motions for Summary Judgment. *See Burkhart*, 602 A.2d at 60 (when "plaintiff's allegations are not and will not be supported by any expert medical testimony, a defense motion for summary judgment does not require the support of an expert's affidavit") (citation omitted).

**4.** Plaintiff states that the deposition testimony of his retained anesthesia expert, Dr. Robert Mesrobian, is attached to his opposition to the Motions for Summary Judgment as Exhibit E. (D.I. 94 at 2.) However, Exhibit E contains

plaintiff's Supplemental Answers to Expert Interrogatories (served on June 13, 2003), which indicate that plaintiff intends to call Dr. Mesrobian as an expert witness to testify about the applicable standard of care and causation. (*Id.*) This does not constitute proof of Dr. Mesrobian's expert opinion. Plaintiff also states that "it is anticipated that" his neurosurgical expert, Dr. Isabelle Richmond, "will also express [an] opinion [on the need for effective communication intraoperatively] when asked the direct question." (*Id.*) This also does not constitute proof of Dr. Richmond's expert opinion.