# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LARRY D. FABIAN, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N14C-03-037 MMJ CCLD |
| | ) | |
| BGC HOLDINGS, L.P., a Delaware | ) | |
| Partnership and BGC PARTNERS, | ) | |
| INC., a Delaware corporation, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: September 14, 2016
Decided: October 31, 2016

Upon Defendants' Motion for Summary Judgment
**GRANTED**

## OPINION

Travis S. Hunter, Esq. (Argued), Srinivas Raju, Esq., Richards Layton & Finger, Attorneys for Defendant BGC Holdings, L.P. and BGC Partners, Inc.

Alexander N. Loftus, Esq. (Argued), Voelker Litigation Group, George Pazuniak, Esq., O'Kelly Ernst & Bielli, LLC Attorneys for Plaintiff Larry D. Fabian

**JOHNSTON, J.**

## PROCEDURAL CONTEXT

This litigation arises from an alleged breach of contract in 2008. In 2009 the parties submitted the claims to arbitration. The arbitration panel resolved a portion of the claims and reached no decision on the remaining claims. On October 24, 2013, Plaintiff Larry D. Fabian ("Fabian") filed suit against Defendants BGC Holdings, L.P. ("BGCH"), a Delaware limited partnership, and BGC Partners, Inc. ("BGCP"), a Delaware corporation (collectively, "BGC"), in Cook County, Illinois. On or about February 6, 2014, BGC filed a motion to dismiss. The Cook County court dismissed the case for improper forum.

On March 5, 2014, Fabian filed the instant action against BGC. Fabian alleged violation of the Delaware Wage Payment and Collection Act, breach of contract, breach of fiduciary duty, and conversion claims. On April 10, 2015, BGC filed a motion to dismiss. BGC asserted that Fabian did not properly serve the complaint, that the court lacked subject matter jurisdiction, and that Fabian failed to state a claim. The Court denied the motion to dismiss.

On July 15, 2016, BGC filed its motion for summary judgment. BGC argues it is entitled to summary judgment because Fabian's claims are time barred by the statute of limitations. BGC also contends that Fabian's claims are barred by the doctrines of *res judicata* and collateral estoppel.

## STATEMENT OF FACTS

BGCP hired Fabian in 2008. Prior to that, Fabian was employed by Cantor Fitzgerald, L.P. ("CFLP"), an affiliate of BGCP. Fabian had the opportunity to acquire partnership units in BGCH during his employment with BGCP. As of December 31, 2008, Fabian had obtained 69,080 partnership units in BGCH.

In 2009, Fabian voluntarily terminated his employment with BGCP. He then joined Vision Financial Markets ("Vision"). Vision is an entity that directly competes with BGCP. On March 27, 2009, Fabian emailed his BGCP supervisor and accused BGC of "material breach."

On March 31, 2009, Fabian filed for arbitration of the dispute. Fabian sought "approximately 70,000 shares of BGC stock" and the value of additional units that he claimed BGC had promised him. By decision dated February 1, 2010, the arbitration panel resolved all claims related to Fabian's employment on the trading floor (claims related to partnership units in excess of 69,080). Fabian was awarded $121,758. However, the panel did not reach a decision on Fabian's remaining claims. The panel found "that the portion of the claims relating to BGC Holdings, L.P. is not properly before this committee and we reach no decision on that portion of the claim."

On March 5, 2014, Fabian filed the instant action.

2

# STANDARD OF REVIEW

Summary judgment is granted only if the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be granted as a matter of law.[1] All facts are viewed in a light most favorable to the non-moving party.[2] Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if there is a need to clarify the application of law to the specific circumstances.[3] When the facts permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law.[4] If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be granted against that party.[5]

# ANALYSIS

### *Statute of Limitations*

Section 8103 of title 10 of the Delaware Code sets forth a three-year statute of limitations for breach of contract claims in Delaware.

This cause of action stems from a dispute as to whether Fabian's partnership shares were wrongfully forfeited. BGC argues that Fabian was aware of any

---

[1] Super. Ct. Civ. R. 56(c).
[2] *Burkhart v. Davies*, 602 A.2d 56, 58–59 (Del. 1991).
[3] Super. Ct. Civ. R. 56(c).
[4] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

3

potential claim in March of 2009 when he accused BGC of "material breach" in an e-mail to his supervisor. BGC also contends that Fabian was aware of any potential claim when he filed for arbitration on March 31, 2009.

Fabian asserts that BGC did not actually wrongfully deprive him of his shares until March 6, 2013. Fabian argues that his claim did not accrue until March 6, 2013. Fabian contends that his filing is not barred by the statue of limitations.

On March 31, 2009, Fabian sought resolution of this dispute via arbitration. Fabian specifically demanded compensation and payment for the "approximately 70,000 shares of BGC stock" in question. CFLP disputed Fabian's entitlement to compensation for these shares during the arbitration. CFLP moved to exclude the dispute about the shares from arbitration.

Fabian's claim at arbitration included what his attorney characterized as "a significant dispute regarding the payment of stock as compensation for Managing Directorship duties, outside of the Partnership Agreement . . . ." The arbitration panel ordered "[CFLP] to pay [Fabian] $121,758 in resolution of all portions of the claim based on the terms of claimant's employment on the trading floor." The panel declined to resolve the claims relating to BGCH.

Fabian was deposed in this case. Fabian conceded that on January 21, 2010,

4

he "had been informed of the position that [his] partnership units had been forfeited as a result of [his] going to work at a competing member firm . . . ."

The Court finds that Fabian was on actual notice that BGC disputed Fabian's entitlement to 69,080 partnership shares at least as of the conclusion of the arbitration on February 1, 2010. This action, filed on March 5, 2014, is barred by the three-year statute of limitations pursuant to 10 *Del. C.* § 8103.

### Tolling

"There are . . . several circumstances in which the running of the statute of limitations can be tolled. These exceptions include: 1) fraudulent concealment; 2) inherently unknowable injury; and 3) equitable tolling."[6] The statue of limitations may be tolled if the plaintiff alleges facts that, if true, show that (1) plaintiff pursued its rights diligently; (2) extraordinary circumstances prevented timely filing; or (3) the circumstances that prevented timely filing were beyond plaintiff's control.[7] If plaintiff possesses actual knowledge, the doctrine of tolling is not applicable.

Fabian argues that the timeline for the statue of limitations was tolled. Fabian contends that BGC led him to believe that BGC was holding his shares even after Fabian initiated arbitration. Fabian alleges that BGC instructed him to

---

[6] *Smith v. Mattia*, 2010 WL 412030, at *4 (Del. Ch.) (citations omitted).
[7] *Gavin v. Club Holdings, LLC*, 2016 WL 1298964, at *6 (D. Del.)

5

open an account with Deutsche Bank. Fabian asserts that BGC advised that BGC placed 3,188 shares and "700-something dollars worth of cash" in the account. Fabian testified at deposition: "So I thought that I was still going to get my shares. I was confused as to what was going on. On the one hand, they tell me I have to open up an account at Deutsche bank, which I did. On the other hand, they said start with this 3,188 shares and also here is 700-and-some-odd dollars . . . ."

The facts alleged by Fabian do not indicate fraudulent concealment, inherently unknowable injury, or equitable tolling. No facts that Fabian has asserted rise to the level of circumstances that trigger the tolling exception to the statute of limitations. Fabian's admitted confusion about the status of the shares demonstrates that Fabian was on actual notice that BGC at the very least was equivocal in its position regarding redemption or forfeiture of the total 69,080 partnership shares.

### Res Judicata/Collateral Estoppel

The Court need not decide this issue because Fabian's claims are barred by the statute of limitations.

### Evidentiary Support for Plaintiff's Claims

The Court need not decide this issue because summary judgment in favor of BGC must be granted on the ground of the statute of limitations

6

## CONCLUSION

The Court finds that Fabian had actual knowledge of a dispute regarding redemption of the 69,080 partnership units at least as of the conclusion of arbitration in February 2010. Facts alleged by Fabian do not rise to the level of circumstances triggering the tolling exception of the statute of limitations. Fabian's complaint, filed on March 5, 2014, is barred by the three-year statute of limitations established by 10 *Del. C.* § 8103. **THEREFORE,** BGC's Motion for Summary Judgment is hereby **GRANTED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

7