**Anthony J. BURKHART and Carmella L. Burkhart, his wife, Plaintiffs Below, Appellants,**

**v.**

**Allen L. DAVIES, M.D., John T. Oglesby, M.D., and Medical Center of Delaware, Inc., a hospital corporation of the State of Delaware, Defendants Below, Appellees.**

Supreme Court of Delaware.

Submitted: Nov. 12, 1991.
Decided: Dec. 20, 1991.

Darryl K. Fountain, Wilmington, and Jonathan A. Van Loan, Malvern, Pa., for appellants.

David H. Burt of Burt & Burt, Wilmington, for appellee Allen L. Davies, M.D.

F. Alton Tybout of Tybout, Redfearn & Pell, Wilmington, for appellee John T. Oglesby, M.D.

Joanne B. Wills and Eileen Kelly of Morris, James, Hitchens & Williams, Wilmington, for appellee Medical Center of Delaware, Inc.

Before CHRISTIE, C.J., WALSH and HOLLAND, JJ.

HOLLAND, Justice:

On February 26, 1986, the plaintiffs-appellants, Anthony J. Burkhart and his wife, Carmella L. Burkhart (the "Burkharts"), filed a civil complaint in the Superior Court against the defendants-appellees, Allen L. Davies, M.D., John T. Oglesby, M.D., and the Medical Center of Delaware, Inc. ("Medical Center"). The complaint alleged that the defendants were negligent in the medical care rendered to Mr. Burkhart.

A trial in this matter was scheduled to begin on January 22, 1991. On January 17, 1991, the Superior Court granted motions for summary judgment in favor of all of the defendants. Those rulings were based upon the Burkharts' acknowledged inability to provide expert medical testimony to support their allegations that any of the defendants deviated from the applicable standard of care.

The Burkharts' have raised three interrelated issues in this appeal. Their first contention is that, notwithstanding the absence of any expert testimony to support the allegations in the complaint, there was a material dispute of fact in this medical malpractice action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Their second contention is that the defendants were required to support each motion for summary judgment with a medical expert's affidavit.

*Hurtt v. Goleburn*, Del.Supr., 330 A.2d 134 (1974). Their third contention is that no action on the motion for summary judgment should have been taken in the absence of ten days notice. Super.Ct.Civ.R. 56(c).

We have carefully reviewed the record. We have concluded that, under the circumstances of this case, the Superior Court's rulings were entirely correct. *See Wahle v. Medical Center of Delaware, Inc.*, Del. Supr., 559 A.2d 1228 (1989). Therefore, its judgments in favor of each defendant are affirmed.

*Facts*

A jury trial in this matter was originally scheduled to begin on October 23, 1989. However, on June 18, 1989, the Burkharts' attorney of record, C. Wagaman Berl, Jr., died. On August 7, 1989, the case was removed from the trial calendar. On November 7, 1989, Louis P. Agostini, Jr. ("Burkharts' trial attorney") entered his appearance for the Burkharts. A new trial was scheduled to begin on January 22, 1991.

In early January, 1991, the Burkharts notified the defendants that they would present the testimony of just one medical expert, William F. Haines, M.D. ("Dr. Haines"), in support of the allegations of negligence in their complaint against each of the defendants. Dr. Haines' deposition was taken by the defendants on January 11, 1991.

The record reflects that following Dr. Haines' deposition, the Burkharts' trial attorney was "shocked" at Dr. Haines' testimony, and realized that the Burkharts did not have a medical expert prepared to testify that there was a deviation from the standard of care by any of the defendants. Following Dr. Haines' deposition, Burkharts' trial attorney advised all the defendants' attorneys that he would discuss the merits of a voluntary dismissal of the complaint with the Burkharts. Burkharts' trial attorney subsequently informed the defendants' attorneys that his clients refused to

give him authority to voluntarily dismiss the case.

On January 17, 1991, the Superior Court held a conference at the request of the defendants' trial attorneys. The Burkharts' trial attorney and Mr. Burkhart were present at that conference. The defendants' attorneys of record advised the Superior Court about their assessment of Dr. Haines' deposition. The defendants' attorneys then each moved for summary judgment. The Burkharts' trial attorney responded to those motions, in part, as follows:

MR. AGOSTINI: A little bit of history on this case. This was initially Mr. Berl's case and I took it over for Mr. Berl—from Mr. Berl after his death. Mr. Burkhart came to my office.

Doctor Haines was listed as an expert witness in this case and I spoke to Doctor Haines on, I believe, three occasions concerning this case, and asked him about the theory that he had concerning the Burkhart case and whether he believes it was malpractice committed and whether there was any violation of the standard of care. He had indicated he did, and we talked at great length on three occasions for a period from anywhere from a half hour to forty-five minutes.

I was shocked at the deposition—at Doctor Haines' deposition last Friday not only by his testimony, which appeared that he had no clue as to what was going on, but also by his demeanor....

.      .      .      .      .

It is true to state with Doctor Haines being the only medical witness expert, the plaintiff does not have a medical expert who can testify that there was a deviation from the standard of care that's required by the statute.

THE COURT: As to any of the defendants?

MR. AGOSTINI: As to any of the defendants. I wrestled with the events of Friday over last weekend and contacted my clients on Monday and immediately wanted to speak to him [Mr. Burkhart] concerning this issue because I saw

many potential dangers to Mr. Burkhart to go forward without having such expert testimony, including sanctions from the Court. I discussed these issues with Mr. Burkhart and I—and we spent approximately four hours in my office on Monday discussing all the requirements and, you know, chapter sixty-eight. And Mr. Burkhart understood what the legal requirements are, but as a layman he did not believe this was a very fair result in his case....

.      .      .      .      .

... I have to agree with the defendant—defendants, because it is uncontradicted there isn't the required testimony. Mr. Burkhart knows that and I've explained that to him.

... And if trial is held on Tuesday, there'll not be a medical expert witness capable of meeting the standard that's required.

THE COURT: Okay, thank you.

Mr. Burkhart, I know Mr. Agostini has ... explained the law to you and I'm sure you must know that the ... Health Care Malpractice Act provides, and I'll quote it for you, "No liability shall be based upon asserted negligence unless expert medical testimony is presented as to the alleged deviation from the applicable standard of care." And that's a law enacted by the Legislature which applies to this case. And there is nothing that I can do about it or your attorneys can do about it or anybody else can do about it, except apply it.

And you have a case where you're claiming that—medical practice [sic] and there's no expert witness who is prepared to support that allegation. And as a consequence, the motion will have to be granted.

.      .      .      .      .

... The motions for summary judgment are granted.

### Summary Judgment Standard of Review

■ The appellate standard of review, following the grant of a motion for sum-

mary judgment, requires this Court to examine the record to determine whether, viewing the facts in the light most favorable to the nonmoving party, the moving party has demonstrated that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. *Benge v. Davis,* Del. Supr., 553 A.2d 1180, 1182 (1989). In construing the summary judgment provisions of the Federal Rules of Civil procedure, the United States Supreme Court has observed:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. "[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)...." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

*Celotex Corp. v. Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53.

The Superior Court's Civil Rules are patterned upon the Federal Rules of Civil Procedure. *Hoffman v. Cohen,* Del.Supr., 538 A.2d 1096, 1097 (1988). The *ratio decidendi* of *Celotex* is persuasive and directly applicable to the circumstances of this case.

### Delaware Medical Malpractice Statute and Plaintiffs' Complete Failure of Proof

■ The Delaware Medical Malpractice Act requires that, in the absence of several exceptions [1] which are not applicable to this case, a plaintiff's claim for medical malpractice *must* be supported by expert medical testimony. 18 *Del.C.* § 6853 provides in pertinent part:

> No liability shall be based upon asserted negligence unless expert medical testimony is presented as to the alleged deviation from the applicable standard of care in the specific circumstances of the case and as to the causation of the alleged personal injury or death, except....

18 *Del.C.* § 6853. Consequently, the Delaware statute specifically mandates that, before liability can be found in a medical malpractice action, the plaintiff bears the initial burden of presenting expert medical testimony as to both the alleged deviation from the applicable standard of care and the causal connection between the wrongful conduct and the alleged injury. *Russell v. Kanaga,* Del.Supr., 571 A.2d 724, 732 (1990).

As a result of the statutory mandate, the production of expert medical testimony is an essential element of a plaintiff's medical malpractice case and, as such, is an element on which he or she bears the burden of proof. *Id.* The record reflects that, within a few days of trial, the Burkharts

---

**1.** The exceptions recognized by the Act are not applicable in the Burkharts' case. The Act provides that:

> [S]uch expert medical testimony shall not be required if a malpractice review panel has found negligence to have occurred and to have caused the alleged personal injury or death and the opinion of such panel is admitted into evidence; provided, however, that a rebuttable inference that personal injury or death was caused by negligence shall arise where evidence is presented that the personal injury or death occurred in any 1 or more of

the following circumstances: (1) A foreign object was unintentionally left within the body of the patient following surgery; (2) an explosion or fire originating in a substance used in treatment occurred in the course of treatment; or (3) a surgical procedure was performed on the wrong patient or the wrong organ, limb or part of the patient's body. Except as otherwise provided herein, there shall be no inference or presumption of negligence on the part of a health care provider. 18 *Del.C.* § 6853. *See also Russell v. Kanaga,* Del.Supr., 571 A.2d 724, 732 n. 15 (1990).

had no medical expert who would testify in support of the allegations of negligence in their complaint. Consequently, the Superior Court granted the defendants' motions for summary judgment, on the basis that because the Burkharts, as the plaintiffs, had failed to adduce any expert medical testimony, there was a complete failure of proof concerning an essential element of their case, and all other facts were rendered immaterial. *See Celotex Corp. v. Catrett*, 477 U.S. at 323, 106 S.Ct. at 2552. *Accord Wahle v. Medical Center of Delaware, Inc.*, Del.Supr., 559 A.2d 1228, 1233 (1989).

### Summary Judgment Proper Without Defense Expert

■ The Burkharts argue that, notwithstanding their own inability to present any expert testimony to support the allegations of medical negligence in their complaint, the Superior Court erred in granting the defendants' motions for summary judgment in the absence of any affidavits by medical experts to support those motions. We disagree. A motion for summary judgment may be filed with or without supporting affidavits. Super.Ct.Civ.R. 56. Under certain circumstances, in a medical malpractice action, a defendant-health care provider's motion for summary judgment must be supported by an expert's affidavit. *See, e.g., Ogden v. Gallagher*, Del.Supr., 591 A.2d 215, 222 (1991); *Baylis v. Wilmington Medical Center, Inc.*, Del.Supr., 477 A.2d 1051, 1057 (1984); *Hurtt v. Goleburn*, Del.Supr., 330 A.2d 134, 135 (1974). However, the record in this case does not reflect one of those circumstances. *See Wahle v. Medical Center of Delaware, Inc.*, 559 A.2d at 1233.

In *Celotex*, it was observed that when, after an adequate time for discovery, the nonmoving party has failed to make a sufficient showing on an essential element of its case, the standard for granting a motion for summary judgment mirrors the standard for a directed verdict. *See Celotex Corp. v. Catrett*, 477 U.S. at 323, 106 S.Ct. at 2552. This Court has held that, in the absence of an applicable exception or medical testimony to support the plaintiff's allegations, the defendant was entitled to a directed verdict. *Russell v. Kanaga*, 571 A.2d at 732. If a directed verdict is granted, *a fortiori*, the defendant is not required to present any expert medical testimony.

■ Similarly, the moving party is entitled to summary judgment, as a matter of law, if the nonmoving party fails to make a sufficient showing on an essential element of his or her case with respect to which he or she has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. at 323, 106 S.Ct. at 2552. Therefore, when the nonmoving party bears the ultimate burden of proof, summary judgment is proper if the moving party can show a failure of proof concerning an element that is essential to the nonmoving party's case. *Id.* Consequently, we hold that, in the absence of an applicable statutory exception, when there has been an adequate time for discovery in a medical malpractice action and the record unambiguously reflects that the plaintiff's allegations are not and will not be supported by any expert medical testimony, a defense motion for summary judgment does not require the support of an expert's affidavit. *Wahle v. Medical Center of Delaware, Inc.*, 559 A.2d at 1233–34.

### Summary Judgment Proper Without Ten Days Notice

■ The Burkharts' final contention is that the Superior Court erred in granting the defendants' motion for summary judgment on less than ten days' notice. Super.Ct.Civ.R. 56(c). However, as this Court noted in *Wahle*, Superior Court Civil Rule 56(bb) authorizes the Superior Court "to invoke Rule 56 on less than ten days' notice." *Wahle v. Medical Center of Delaware, Inc.*, 559 A.2d at 1234. That rule provides, in part:

> The limitation of time for the filing of motions for summary judgment in accordance with Rule 56(a) and Rule 56(b) shall not prohibit the filing of a motion for summary judgment by any party when, as a result of a pretrial conference, in the opinion of the Court, the filing of such a motion is desirable....

Super.Ct.Civ.R. 56(bb).

The circumstances of the case presently before this Court resemble the circum-

stances in *Wahle v. Medical Center of Delaware, Inc.*, Del.Supr., 559 A.2d 1228 (1989). In *Wahle*, following a pretrial conference, the Superior Court ruled that the plaintiff would be precluded from introducing expert medical testimony at trial. *Id.* at 1232. As this Court noted, the Superior Court's ruling "effectively ended the case by rendering a trial meaningless." *Id.* The defendants moved for summary judgment, and the Superior Court granted that motion. *Id.*

In *Wahle*, when affirming the Superior Court's decision, this Court recognized that, as a result of the express requirements of Section 6853, expert testimony was critical to proof of the plaintiff's medical malpractice claim. *Id.* at 1233. In *Wahle*, this Court also noted that when it is undisputed prior to trial that no medical expert will be testifying in support of the plaintiff's claim, dismissal of the plaintiff's suit is inevitable. *Id.* at 1234. Therefore, this Court held that, "[i]n view of the critical nature of the medical evidence to all parties," the Superior Court was justified in entering summary judgment in favor of the defendants on less than ten days' notice. *Id.* at 1233.

Like the plaintiff in *Wahle*, the Burkharts' undisputed lack of medical expert testimony, an essential element of their case, necessarily rendered a trial meaningless. *See id.* at 1232. *See also Celotex v. Catrett*, 477 U.S. at 323, 106 S.Ct. at 2552. Consequently, following the pretrial conference, the record reflected that the defendants were entitled to judgment as a matter of law. Thus, under the circumstances of this case, the Superior Court properly granted summary judgment in favor of the defendants, albeit with less than ten days' notice to the Burkharts. Super.Ct.Civ.R. 56(bb).

### Conclusion

The judgments of the Superior Court, in favor of each of the defendants, are AFFIRMED.