# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2007-9, Mortgage Pass-Through Certificates, Series 2007-9, | ) ) ) ) ) ) ) ) | |
| Plaintiff(s), | ) ) | |
| v. | ) ) | C.A. No. N15L-03-108 CLS |
| J.M. Shrewsbury aka J. Michael Shrewsbury and Kathy Shrewsbury, | ) ) ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| The United States of America, | ) ) | |
| Third-Party Defendant. | ) ) | |

February 17, 2016

On Plaintiff's The Bank of New York Mellon Motion for Summary Judgment.
**GRANTED.**

## **ORDER**

Melanie J. Thompson, Esq., Atlantic Law Group, LLC, 913 North Market Street, Wilmington, Delaware 19801. Attorney for Plaintiff.

Cynthia L. Carroll, Esq., Cynthia L. Carroll, P.A., 262 Chapman Road, Newark, Delaware 19702. Attorney for Defendants.

**Scott, J.**

## Introduction

Before the Court is Plaintiff Bank of New York Mellon's ("Defendant" or "Mellon") Motion for Summary Judgment in this mortgage foreclosure action. The Court has reviewed the parties' submissions. For the following reasons, Plaintiff's Motion for Summary Judgment is **GRANTED.**

## Background[1]

Defendants J.M. Shrewsbury and Kathy Shrewsbury (collectively "Defendants") executed a promissory note (the "Note") in favor of Countrywide Home Loans, Inc. ("Lender"), and executed a mortgage (the "Mortgage") that secured that Note in favor of Mortgage Electronic Registration System ("MERS") as "nominee" for the Lender on a property located in Middletown, Delaware (the "Property"). The Mortgage was duly filed and recorded in the real property records of New Castle County, Delaware. By a transfer through MERS, Lender assigned all of its interest to Plaintiff, which was also filed and recorded in the real property records of New Castle County, Delaware.

---

[1] Defendants assert that there are genuine issues of material fact at issue in this case which preclude granting of summary judgment in favor of Plaintiff because of Defendants' denials in their Answer and Response. Yet their denials in both are merely conclusory, and unsupported by any evidence in the record. *See Wells Fargo Bank, N.A. v. Nickel*, 2011 WL 6000787 (Del. Super. Nov. 18, 2011). In fact, Defendants' conclusory factual denials are directly contradicted by the factual record. Furthermore, as discussed below, Defendants fail to offer any evidence to rebut the presumptions created by notarized documents and proofs of notice provided by Plaintiff. For these reasons, the Court finds there is no genuine issue of material fact, and that the record evidence demonstrates the facts set forth in this section.

On March 20, 2015, Plaintiff filed a *scire facias sur* mortgage complaint against Defendants seeking foreclosure of Plaintiff's interest in the Property. The mortgage provides that, upon Defendants' failure to pay when due any obligation or any portion of thereof when due, the loan shall be in default and Plaintiff, after notice and opportunity to cure, may accelerate the sum secured by the Mortgage and may foreclose upon the Property for the collection of the obligation. On June 2, 2015, Defendants filed an answer to Plaintiff's Complaint. Plaintiff's filed this motion for summary judgment on September 18, 2015. An Affidavit of Exemption from Loss Mitigation Affidavit and a 4f4 Affidavit were filed concurrently with Plaintiff's motion, pursuant to 10 *Del. C.* § 5062(a).

## Standard of Review[2]

The Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[3] The moving party bears the initial burden of showing that no material issues of fact are present.[4] Once such a showing is made, the burden shifts to the non-moving party to

---

[2] Despite Defendants' conclusory denial of such, the summary judgment standard discussed in this section is, in fact, the appropriately applicable standard on this motion for summary judgment. *See* Def. Response at ¶¶ 5-6.

[3] Super. Ct. Civ. R. 56(c); *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).

[4] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

demonstrate that there are material issues of fact in dispute.[5]  In considering a motion for summary judgment, the Court must view the record in a light most favorable to the non-moving party.[6]  "Summary judgment will not be granted when a more thorough inquiry into the facts is desirable to clarify the application of the law to the circumstances."[7]

## Discussion

Plaintiff has satisfied its burden and is entitled to summary judgment as a matter of law.  Defendants' argument against summary judgment is that Plaintiff has not proven that it is the owner or holder of the Note, and therefore, Plaintiff is not the proper party to bring the foreclosure action.

Under Delaware law, a mortgagee or the assignee of a mortgagee's interest has standing to pursue foreclosure.[8]  An assignment is valid when it operates to convey all the rights and interest of the assignor, was attested to by a credible witness, and notarized.[9]  The assignment in this case was valid because it operated to convey all the rights and interest of the assignor, was attested to by a credible

---

[5] *Id.* at 681.

[6] *Burkhart*, 602 A.2d at 59.

[7] *Phillip-Postle v. BJ Prods., Inc.*, 2006 WL 1720073, at *1 (Del. Super. Apr. 26, 2006).

[8] 10 *Del C.* § 5061(a) (providing "upon breach of the condition of a mortgage of real estate by nonpayment of the mortgage money or nonperformance of the condition stipulated in such mortgage at the time and in the manner therein provided the mortgagee, the mortgagee's heirs, executors, administrators, successors or assigns may, at any time after the last day whereon the mortgage money ought to have been paid or other condition performed, sue out of the Superior Court of the county wherein the mortgage premises are situated a writ of *scire facias*").

[9] 25 *Del. C.* § 2109(a): An assignment of a mortgage or any sealed instrument attested by 1 creditable witness shall be valid and effectual to convey all the right and interests of the assignor. (b) All assignments of mortgages or any sealed instruments heretofore made in the presence of 1 witness and all satisfactions made by assignees in such assignments are made good and valid.

4

witness,[10] and was notarized by Lillian J. Ellison.  Defendants have not presented

any evidence showing that Ms. Ellison's notarization was not credible.[11]  As such,

the assignment meets the requirements set forth in the Delaware Code and Plaintiff

is a valid assignee of the mortgagee.[12]  As a valid assignee Plaintiff is the proper

party to enforce the Note.

Moreover, Defendants attack the assignment of the Mortgage from MERS to

Plaintiff.  Defendants, however, lack standing to challenge the validity or

enforceability of the assignment as a non-party who is not a third-party beneficiary

to the assignment.[13]  Furthermore, Defendants cite no authority under ***Delaware***

***law*** suggesting that MERS assignments are treated differently than any other

assignment in Delaware.  On the contrary, Delaware Courts have shown little

appetite for invalidating mortgage assignments merely because they were assigned

by MERS.[14]

---

[10] Yomari Quintanilla

[11] *See CitiMortgage, Inc. v. Bishop*, 2013 WL 1143670, at *4 (Del. Super. Mar. 4, 2013).

[12] *See e.g., Nationstar Mortgage, LLC v. Sears*, 2015 WL 4719941, at *5 (Del. Super. Aug. 7, 2015); *CitiMortgage, Inc. v. Bishop,* 2013 WL 1143670, at *4–6 (Del.Super. Mar. 4, 2013).

[13] *Nationstar Mortgage, LLC v. Sears*, 2015 WL 4719941, at *5 (Del. Super. Aug. 7, 2015); *CitiMortgage, Inc. v. Bishop,* 2013 WL 1143670, at *4–6 (Del.Super. Mar. 4, 2013) (The Court holding that a debtor is not a party to a mortgage assignment, is not a third party beneficiary to the assignment and cannot show legal harm as a result of the assignment. As such, the debtor has no legally cognizable interest in an assignment and therefore is not in a position to complain about it. Thus, it is not plaintiff who lacks standing to sue, but defendants who lack standing to contest the assignment.)

[14] *Branch Banking & Trust Co. v. Eid*, 2013 WL 3353846, at *4 (Del. Super. June 13, 2013). *See, e.g., Savage v. U.S. Nat. Bank Ass'n,* 19 A.3d 302 (Del. 2011) (upholding plaintiff's interest in defendant's mortgage acquired through an assignment from MERS.); *Citimortgage, Inc. v. Trader,* 2011 WL 3568180 (Del. Super.  May 13, 2011) (finding plaintiff to be the proper party in interest after an assignment of a mortgage from MERS to plaintiff).

Finally, Defendant's make a conclusory challenge to the authenticity of the Mortgage. An acknowledgment of a signature by a notary, however, gives rise to a presumption of the genuineness of that signature, and the party challenging the authenticity of the document has the burden of proving otherwise.[15] In this case, Defendants have offered no evidence to support their allegation that the signatures of the Mortgage are not authentic. Without such an offering, the notary's presumption of authenticity eliminates any genuine issue of material fact.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

/s/*Calvin L. Scott*
**Judge Calvin L. Scott, Jr.**

---

[15] *Estate of Osborn ex rel. Osborn v. Kemp*, No. 2009 WL 2586783, at *6 (Del. Ch. Aug. 20, 2009) aff'd sub nom. *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153 (Del. 2010).