# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| DOUGLAS A. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N15C-03-076 JRJ |
| | ) | |
| ODILIA'S EXPRESS, INC. and | ) | |
| ADOLFO GUERRA ARRIBAS a/k/a | ) | |
| ADOLFO GUERRA, STEVE EISELE, | ) | |
| EISELE'S POLLINATION SERVICE, | ) | |
| EISELE POLLINATION AND | ) | |
| HONEY, and POLLINATION US, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

Date Submitted: April 7, 2017
Date Decided: June 23, 2017

*Upon Defendant Odilia's Express, Inc.'s Motion for Summary Judgment:*
**GRANTED.**

*Upon Defendants Steve Eisele and Pollination US, Inc.'s Motion for Summary Judgment:* **GRANTED.**

Kelley M. Huff, Esquire, Roger D. Landon, Esquire, Murphy & Landon, Wilmington, DE, Attorneys for Plaintiff.

Louis J. Rizzo, Jr., Esquire, Reger Rizzo & Darnall LLP, Wilmington, DE, Attorney for Defendant Odilia's Express, Inc.

Brett T. Norton, Esquire, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Wilmington, DE, Attorney for Defendants Steve Eisele and Pollination US, Inc.

**Jurden, P.J.**

Before the Court are Defendant Odilia's Express, Inc.'s Motion for Summary Judgment[1] and Defendants Steve Eisele and Pollination US, Inc.'s Motion for Summary Judgment.[2] For the following reasons, the Defendants' Motions are **GRANTED**.

## I. BACKGROUND

Plaintiff Douglas Sanders was a professional beekeeper working for Harvey's Honey ("Employer").[3] Plaintiff's work was to maintain more than 4,000 beehives, including checking on the integrity of the hives, feeding the bees, and collecting honey.[4] He also took part in loading and transporting beehives to various farms for pollination.[5] Occasionally, he helped farmers remove swarms from their property.[6] During the two years that Plaintiff worked as a beekeeper, he

---

[1] Defendant Odilia's Express, Inc.'s Motion for Summary Judgment ("Odilia's Mot. Summ. J.") (Trans. ID. 59982769); Defendant Odilia' Express, Inc's Response to Plaintiff's Supplemental Brief in Support of its Opposition to Defendant's Motion for Summary Judgment ("Odilia's Supplemental Br.") (Trans. ID. 60427086). Defendant Adolfo Guerra died during the pendency of the litigation. Suggestion of Death of Adolfo Guerra (Trans. ID. 59719030). Defendant Odilia's Express, Inc. indicated that no estate of Adolfo Guerra had been raised, but should one be raised and the administrator of the estate be substituted as a party in the matter, the arguments in Odilia's Express's motion should equally apply to Adolfo Guerra's estate. Odilia's Mot. Summ. J. at 1 n.1.

[2] Defendants Steve Eisele and Pollination US, Inc.'s Motion for Summary Judgment ("Eisele's Mot. Summ. J.") (Trans. ID. 59998663); Defendants Steve Eisele and Pollination US, Inc.'s Supplemental Briefing for their Motion for Summary Judgment (Eisele's Supplemental Br.") (Trans. ID. 60447393).

[3] Plaintiff's Opposition to Defendants' Motion for Summary Judgment at 2 ("Pl.'s Opp'n") (Trans. ID. 60044011).

[4] Id.; Pl.'s Opp'n, Ex. A, Plaintiff's Deposition at 8–13, 44 ("Pl.'s Dep.").

[5] Pl.'s Opp'n at 2.

[6] Id.

has been stung by bees approximately one hundred times.[7]

On May 20, 2014, Defendants Steve Eisele and Pollination US, Inc. hired a tractor-trailer owned by Defendant Odilia's Express, Inc. and operated by Defendant Adolfo Guerra to transport approximately 400 beehives through Delaware.[8] When exiting State Route 896 onto Interstate 95, the tractor-trailer overturned and the bees escaped.[9] Plaintiff's Employer was contracted to help salvage the bees.[10] Plaintiff and three co-workers were sent to the accident scene to do the work.[11] Plaintiff wore his normal working clothes, including a netted hat, a long-sleeved shirt, a pair of gloves, and pants.[12] Plaintiff took additional precautions of duct taping his pants and waist and putting on another shirt.[13] Plaintiff worked for three hours salvaging the bees despite being continuously stung.[14] As a result of the stings, Plaintiff developed a permanent venom allergy and was forced to abandon his career as a beekeeper.[15]

Plaintiff sued the Defendants, alleging that they were negligent in loading

---

[7] Id.; Pl.'s Dep. at 40.

[8] Pl.'s Opp'n at 3. Each beehive contained approximately 6,000 bees. Id.

[9] Id.; Plaintiff's Amended Complaint ¶ 11 ("Am. Compl.") (Trans. ID. 58329824).

[10] Pl.'s Opp'n at 3; Am. Compl. ¶ 12. It is not clear from the record with whom Plaintiff's Employer contracted to help salvage the bees.

[11] Pl.'s Dep. at 24–25. The goal of Plaintiff and his co-workers in salvaging the bees was to recognize the undamaged beehives and take them out, but leave the damaged hives and all loose bees to the fire department. Odilia's Mot. Summ. J., Ex. B, Plaintiff's Answer to Odilia's First Set of Interrogatories No. 10 (Trans. ID. 59982769).

[12] Pl.'s Dep. at 22.

[13] Id. at 27.

[14] Id. at 32–33; Pl.'s Opp'n at 4.

[15] Am. Compl. ¶¶ 14, 17; Pl.'s Dep. at 34–35.

and transporting the bees and Defendants were engaged in an "ultra-hazardous" activity such that they are strictly liable for Plaintiff's injuries.[16] Defendants filed motions to dismiss the Complaint under Superior Court Civil Rule 12(b)(6), which were denied by the Court.[17] The Court ordered limited discovery on the issue of primary assumption of the risk.[18] The limited discovery has been completed, and now, Defendants seek summary judgment.

## II. PARTIES' CONTENTIONS

Defendants contend that Plaintiff's claims are barred by the doctrine of primary assumption of the risk. They argue that Plaintiff fully recognized and voluntarily assumed the risk of being stung by the bees when participating in the salvage operation.[19]

Plaintiff argues that primary assumption of the risk requires an express consent to relieve a defendant from any obligation of care, and Plaintiff never gave such consent. Plaintiff also argues that although Plaintiff knew there were bees at the accident scene and that he may get stung, awareness of a danger is not sufficient for primary assumption of the risk,[20] and he did not expect he would be poisoned by the bee stings because no injury occurred from the approximately one

---

[16] Am. Compl. ¶¶ 21, 24, 29, 31.
[17] Order, May 25, 2016 (Trans. ID. 59058442).
[18] Judicial Action Form, June 8, 2016 (Trans. ID. 59116032).
[19] Odilia's Mot. Summ. J. at 3–5.
[20] Pl.'s Opp'n at 5–6.

4

hundred times he was stung during the two years he worked as a beekeeper.[21]

## III. STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[22] The moving party bears the burden of establishing the non-existence of material issues of fact,[23] and the Court must view the record in a light most favorable to the non-moving party.[24] Once the moving party meets its burden, the burden shifts to the non-moving party to establish the existence of material issues of fact.[25]

## IV. DISCUSSION

Under Delaware law, primary assumption of the risk constitutes a complete bar to a plaintiff's claim against a tortfeasor.[26] It is implicated when a plaintiff "expressly consents to relieve the defendant of an obligation" and "take[s] his chances of injury from a known risk arising from what the defendant is to do or leave undone."[27] "Express consent" does not require that the plaintiff utter specific words, either verbal or written, to show his intent to consent to the risk.[28] Rather,

---

[21] Pl.'s Supplemental Br. at 3.
[22] Super. Ct. Civ. R. 56(c).
[23] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[24] *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).
[25] *Moore*, 405 A.2d at 681.
[26] *Storm v. NSL Rockland Place LLC*, 898 A.2d 874, 882 (Del. 2005) (citations omitted).
[27] *Id.* (citing *Fell v. Zimath*, 575 A.2d 267, 267–68 (Del. Super. 1989)).
[28] *Id.*

5

"express consent" can be manifested through "circumstantial words or conduct."[29] It involves a "bargained-for, agreed-upon shifting of the risk of harm."[30]

The instant case is substantially similar to *Brady v. White*.[31] In *Brady*, a veterinarian was bitten by a dog while she was treating the dog for a possible gunshot wound.[32] Before treating the dog, the veterinarian was warned that the dog might bite.[33] The veterinarian sued the dog owner for negligence.[34] The Court found the veterinarian voluntarily assumed the risk of a dog bite because she was "a professional who works with animals" and "knew, or should have known, that [the dog] was aggressive, a biter, and probably wounded."[35] The Court held that the defense of primary assumption of the risk barred the veterinarian's claim.[36]

In the instant case, it is undisputed that Plaintiff was a professional beekeeper and routinely worked with and around bees and beehives.[37] Before the incident at issue, he had been stung by bees nearly a hundred times over the course of the two years he worked as a professional beekeeper.[38] When Plaintiff arrived

---

[29] *Id.*

[30] *Koutoufaris v. Dick*, 604 A.2d 390, 398 (Del. 1992).

[31] 2006 WL 2790914 (Del. Super. Sept. 27, 2006).

[32] *Id.* at *1.

[33] *Id.*

[34] *Id.*

[35] *Id.* at *2.

[36] *Id.*

[37] Pl.'s Opp'n at 2. Plaintiff in his deposition admitted that he was a "professional beekeeper" at the time of the incident. Pl.'s Dep. at 44. Although Plaintiff does not use this term in his Opposition, he admits that he worked a lot with honeybees, including, inter alia, feeding them, collecting honey, and transporting them to farms for pollination. Pl.'s Opp'n at 2.

[38] Pl.'s Opp'n at 2; Pl.'s Dep. at 39–40.

at the scene of the accident to salvage the bees, he knew that a truck loaded with hundreds of beehives had flipped over.[39] He knew the number of bees, the fact that they may be agitated, and that he would probably be stung.[40] Recognizing the possibility of bee stings, Plaintiff took additional precautions to protect himself.[41] Moreover, after being stung numerous times by the bees, Plaintiff did not stop but rather continued his work.[42] The undisputed facts concerning Plaintiff's conduct show that he voluntarily assumed the risk multiple of bee stings.

Plaintiff cites to three Delaware Supreme Court cases to support his argument that his knowledge of the risk does not necessarily constitute primary assumption of the risk: *Koutoufaris v. Dick*; *Spencer v. Wal-Mart Stores E., LP*;[43] and *Helm v. 206 Massachusetts Ave., LLC*.[44] These cases are all premises liability cases where the plaintiffs sued certain property owners for injuries they suffered due to unsafe conditions on the property.[45] All three cases can be distinguished for at least two reasons. First, the plaintiffs were not professionals hired to deal with the risk that ultimately caused their injuries. Second, there was no "bargained-for"

---

[39] Pl.'s Dep. at 24–25.
[40] *Id.* at 26, 31, 36.
[41] Pl.'s Opp'n at 3.
[42] *Id.* at 4.
[43] 930 A.2d 881 (Del. 2007).
[44] 107 A.3d 1074 (Del. 2014).
[45] *Koutoufaris*, 604 A.2d at 393–94 (restaurant waitress sued restaurant owner for injuries sustained when she was abducted from adjacent parking lot after work); *Spencer*, 930 A.2d at 883 (employee of business located on corporate landowner's property sued landowner for injuries sustained in slip and fall in parking lot); *Helm*, 107 A.3d at 1076 (tenant of beach home sued landlord and leasing agent for injuries sustained when she fell on stairs).

or "agreed-upon" shifting of risk in those cases. The dangerous conditions on the property were not inherent in the respective plaintiffs' use of the property.[46] In the instant case, Plaintiff was a professional beekeeper who arrived at the scene in order to salvage bees. One of the inherent risks associated with the salvage operation is bee stings.

Finally, Plaintiff argues that he did not primarily assume the risk because there was no contract or agreement between himself and Defendants in which he consented to relieve Defendants of their obligation of care. But express consent need not take the form of any verbal or written agreement.[47] It may be inferred from circumstantial conduct.[48] In the instant case, as in *Brady v. White*, Plaintiff was aware of the existence of a risk, understood the danger associated with that risk, yet voluntarily took that risk. Thus, Plaintiff cannot recover for damages resulting from that risk.

## V. CONCLUSION

Viewing the record in a light most favorable to Plaintiff, there is no genuine issue of material fact in dispute, and therefore, Defendants are entitled to judgment as a matter of law. For the foregoing reasons, Defendant Odilia's Express, Inc.'s Motion for Summary Judgment is **GRANTED**, and Defendants Steve Eisele and

[46] *See Farrell v. Univ. of Del.*, 2009 WL 3309288, at *3 (Del. Super. Oct. 8, 2009) (holding that a skater does not assume the risk of reckless conduct of another skater by solely participating in the skating since that risk is not "inherent in a public ice skating session").
[47] *Storm*, 898 A.2d at 882.
[48] *Id.*

8

Pollination US, Inc.'s Motion for Summary Judgment is **GRANTED**.

    **IT IS SO ORDERED.**

_____

Jan R. Jurden, President Judge
