SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

July 28, 2017

Kevin J. Connors, Esquire
Marshall, Dennehey, Warner,
Coleman & Goggin
1007 N. Orange Street, Suite 600
P.O. Box 8888
Wilmington, DE 19899

David G. Culley, Esquire
Tybout, Redfearn & Pell
750 Shipyard Drive, Suite 400
P.O. Box 2092
Wilmington, DE 19899

Geoffrey S. Lockyer, Esquire
Weber, Gallagher & Simpson
2000 Market Street, Suite 1300
Philadelphia, PA 19103

> RE:   *State Farm Fire and Casualty Company v.*
> *Pettinaro Construction Company, et al.*
> **C.A. No: S15C-04-028 ESB**

Dear Counsel:

I have denied Defendant Bear Industries, Inc.'s Motion for Summary Judgment because there are genuine issues of material fact over Bear's responsibility for the water damage to Collins Way at Bethany Beach, a condominium located in Ocean View, Delaware.[1]  Plaintiff State Farm Fire and Casualty, as subrogee of Collins Way, is seeking to recover the $50,127.80 that it paid for the water damage to Collins Way.

---

[1] Summary Judgment is only appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).

Defendant Pettinaro Construction Company, Inc. was the general contractor for Collins Way. Bear was a subcontractor for Pettinaro. Bear installed the fire sprinkler system in Collins Way. State Farm alleges that cold air penetrated a gap in the exterior wall that was not properly sealed, causing water in the sprinkler pipe to freeze and the pipe to burst. State Farm's expert, Kenneth R. McLauchlan, has offered an opinion providing that "the incident was the result of inadequate sealing of the gap between the sprinkler pipe and the exterior wall by the installer of the dry sprinkler head." Bear's expert, J. David Majewski, has offered an opinion providing that Bear, under its subcontract with Pettinaro and construction trade and industry custom, had no obligation to seal the gap in the exterior wall. According to Mr. Majewski it was another subcontractor, Delmarva Insulation, that had the obligation to seal the gap in the exterior wall. I view these as competing opinions that cannot be resolved on a Motion for Summary Judgment. I also note the following, which when viewed in the light most favorable to State Farm, further make it inappropriate to grant Bear's Motion for Summary Judgment.

1. Mr. McLauchlan further opined that:

Because the water-filled piping is so close to potentially freezing conditions, it is critical that the exterior wall penetration be sealed to prevent infiltration of outside air into the cavity wall where the water-filled pipe is located. Review of the manufacturer's installation literature for the F3 dry sprinkler head indicates that sealing the

2

penetration is required.

The fact that it is in the manufacturer's installation instructions for the dry sprinkler head that indicate that sealing the penetration is important suggests to me that the installer, Bear, should have sealed the penetration. It was Bear, not Delmarva, that would have been familiar with the manufacturer's installation instructions.

2. Bear's subcontract required it to fire caulk all penetrations through walls, floors and ceilings. It does not, as does Mr. Majewski's opinion, make a distinction between the interior and exterior walls.

3. Delmarva's contract does not mention sealing penetrations in the exterior walls with caulk.

Given the conflicting expert opinions and how other facts must be viewed in the light most favorable to State Farm, I will deny Bear's Motion for Summary Judgment.

IT IS SO ORDERED.

Very truly yours,

*/s/ E. Scott Bradley*

E. Scott Bradley

ESB/sal
cc: Prothonotary