# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ARUNA SAMPHA KANU, )
)
    Plaintiff, )
)
    v. )
)    C.A. No. N15C-11-002 CLS
ALLSTATE INSURANCE )
COMPANY, )
)
    Defendant. )
)
)

## ORDER

*Upon Defendant Allstate Insurance Company's*
*Renewed Motion for Summary Judgment.*
**GRANTED.**

Date Submitted: October 26, 2017
Date Decided: October 30, 2017

This is a personal injury action arising from Plaintiff Aruna Sampha Kanu's ("Plaintiff") alleged injuries. On February 13, 2015, three vehicles were involved in a motor vehicle accident where Plaintiff lost control of his vehicle and struck two other vehicles on northbound Interstate 95 ("I-95"). Plaintiff sought uninsured motorist benefits from his insurer, Defendant Allstate Insurance Company ("Defendant"). Defendant moved for summary judgment on November 25, 2016. Plaintiff filed a Response in Opposition on January 3, 2017. Subsequently, Defendant filed a Motion to Strike Portions of Plaintiff's Response on January 6,

2017. Plaintiff filed a Response in Opposition on January 9, 2017. The Court ultimately denied Defendant's motions reasoning that there were still genuine issues of material fact and summary judgment was inappropriate at that time.

In the pre-trial conference on October 25, 2016, the Court asked the parties to file supplemental letters regarding the facts presented at trial. Defendant filed its letter on October 25, 2017. Defendant contends that summary judgment is now appropriate as there is no evidence to identify the alleged debris in the roadway. Defendant also states that Plaintiff is unable to show that the alleged debris originated from a motor vehicle, but even if it did, there is no evidence that a driver was negligent in causing the accident. Additionally, Defendant points out that Plaintiff admitted he was unaware of any alleged debris for nearly a month after the accident. Defendant contends that this fact makes it "impossible that he was actually reacting to debris he did not see." Plaintiff filed a response to Defendant's letter on October 26, 2017 opposing Defendant's renewal of its motion for summary judgment. Plaintiff argues that contrary to Defendant's assertion that there is no evidence demonstrating that debris was in the roadway, Plaintiff states that the 911 call provides a sufficient basis for a jury to infer that the debris came from a vehicle. Plaintiff contends that the 911 call demonstrates a "passerby's present sense impression that something on the road caused [Plaintiff] to spin out of control." Plaintiff avers that based on the evidence it is "more likely than not that this object

2

was left on the road by another vehicle, and, as such, he should have received coverage under his uninsured motorist policy."

Based on the evidence before the Court, the pre-trial stipulation and the discussion at the pre-trial conference, Defendant's Renewed Motion for Summary Judgment is granted. Defendant's initial motion for summary judgment was denied because the Court determined that at that time issues of fact still existed regarding the alleged debris in the roadway. As five months have passed since the denial of Defendant's original motion, Plaintiff has not brought forth any evidence demonstrating that the debris in the roadway came from a motor vehicle due to negligence of another driver. Under Delaware law, "[v]iewing the facts and reasonable inferences in the light most favorable to the non-moving party, if an essential element of the non-movant's claim is unsupported by sufficient evidence for a reasonable juror to find in the party's favor, then summary judgment is appropriate."[1] Even assuming that there was debris in the roadway, the facts before the Court only allow for mere speculation that the debris came from a vehicle. As the parties agreed at the pre-trial conference, uninsured motorist coverage only extends to situations where debris came from another motor vehicle due to the negligence of a driver. Here, there is nothing in the record indicating it did, and

---

[1] *Edmisten v. Greyhound Lines, Inc.,* 2012 WL 3264925, at *2 (Del. Aug. 13, 2012) (citing *Nack v. Charles A. Wagner Co., Inc.,* 803 A.2d 428 (Del. 2002); *Burkhart v. Davies*, 602 A.2d 56, 58-59 (Del. 1991)).

3

Plaintiff is unable to testify or present evidence regarding the identity of the object. A jury would have to equally speculate whether the debris came from a vehicle or from a source wholly unrelated to a motor vehicle. This type of speculation is what warrants summary judgment. As a rational jury could not infer that the debris originated from a motor vehicle, Plaintiff's claim fails as a matter of law. For the foregoing reasons, Defendant Allstate Insurance Company's Renewed Motion for Summary Judgment is **GRANTED**.

 **IT IS SO ORDERED.**

          **/s/ Calvin L. Scott**
          **Judge Calvin L. Scott, Jr.**