# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MANUELA ORTIZ-QUINONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. NO.: N13C-10-196 AML |
| | ) | |
| CHRISTIANA CARE HEALTH | ) | JURY TRIAL OF 12 DEMANDED |
| SERVICES, INC., a Delaware | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: December 8, 2017
Decided: March 8, 2018

## ORDER

### Defendant Christiana Care Health Services' Motion for Summary Judgement: Granted

1.      This medical negligence case arose after Plaintiff allegedly was injured in a fall following a procedure at Christiana Hospital. After the Court granted Plaintiff's counsel's motion to withdraw, Plaintiff proceeded *pro se*. Despite two continuances, Plaintiff has failed to identify and disclose the opinion of an expert who will testify for Plaintiff regarding Defendant's alleged deviation from the standard of care and a causal connection between the alleged breach of the standard of care and Plaintiff's injury. Defendant filed a motion for summary judgment after five years of litigation. I find that Defendant is entitled to judgment

as a matter of law because Plaintiff has failed to support an essential element of her medical negligence claim.

**BACKGROUND**

2.    In May 2012, Manuela Ortiz-Quinones ("Plaintiff") was admitted to Christiana Hospital for a laparoscopic cholecystectomy. Plaintiff was administered morphine and attached to an I.V. Plaintiff then was left unattended without a call bell. Plaintiff alleges that she fell and injured her shoulder while attempting to use the restroom unassisted. On October 16, 2013, Plaintiff filed a medical negligence claim against Christiana Care Health Services ("Defendant") for allegedly failing to exercise the degree of care expected of a reasonably competent health-care provider.[1]

3.    Plaintiff's efforts to bring her case to trial faced a series of obstacles. After more than three years of litigation, Plaintiff's counsel ("Counsel"), who originally agreed to litigate the case on a contingency basis, came to believe the merits of Plaintiff's case did not support continued investment, particularly in light of Plaintiff's inconsistent testimony during her deposition. In a letter dated January 13, 2017, Counsel explained that Defendant was not willing to make an offer to settle Plaintiff's claim. Due to the rising cost of litigation, Counsel

---

[1] The original complaint incorrectly named Christiana Care Health Systems as the defendant, but this error was corrected in an amended complaint.

requested that Plaintiff front the $15,000 cost of proceeding to trial.[2] Plaintiff objected, arguing Counsel promised to advance the cost of the lawsuit. Counsel then moved to withdraw, stating Counsel and Plaintiff disagreed about the merits of the litigation and how to proceed. On March 20, 2017, the Court granted Counsel's motion and allowed Plaintiff 60 days to find new counsel. The Court's order was explained to Plaintiff through a certified interpreter.

4.     On March 23, 2017, Plaintiff filed a letter with the Court explaining she was having difficulty finding new counsel and asking the Court to decide Plaintiff's "best interest."[3] On April 5, 2017, the Court responded, advising Plaintiff that the Court could not decide what was in Plaintiff's best interest. The letter explained that the Court would schedule a conference to set a new trial date and new pre-trial deadlines. The Court held a scheduling conference on July 20, 2017, and set a trial date for May 14, 2018. A certified court interpreter was present to interpret the scheduling conference for Plaintiff.

5.     On August 29, 2017, Plaintiff filed two letters with the Court. The first requested the Court's assistance in finding new counsel. The second of the two August letters described Plaintiff's difficulty in obtaining representation for her case. In this letter, Plaintiff stated other attorneys would not take her case

---

[2] According to Plaintiff's counsel, the case had already cost counsel $20,000.
[3] Docketed March 29, 2017 (Transaction I.D.: 60399838).

3

because Counsel "had [the case] too long."[4] Plaintiff pleaded for the Court to "not close [her] case."[5] The Court responded to Plaintiff by letter on September 8, 2017. In response to Plaintiff's concern that the Court would "close the case," the Court reminded Plaintiff of the importance of complying with all deadlines regarding discovery and experts as the Court advised during the July scheduling conference. The Court warned that failure to do so could result in Defendant moving for judgment in its favor. Further, the Court reminded Plaintiff that expert testimony was necessary to prove her case to the jury, and that she must provide expert reports or disclosures to the Defendant by the October 2, 2017, deadline.

6. On October 5, 2017, Plaintiff sent a fourth letter to the Court describing her inability to understand the Court's communications. Additionally, Plaintiff described her failure to secure representation and her attempts to comply with the deadlines by submitting records of the surgeries and medical treatment she underwent after her fall on May 12, 2012.

7. On October 13, 2017, Defendant filed a motion for summary judgment (the "Motion") due to Plaintiff's failure to submit expert reports or disclosures by the scheduled deadline. On October 16, 2017, the Court sent a letter to the parties scheduling oral argument on the Motion for December 8, 2017. The

---

[4] D.I. 110.
[5] *Id.*

4

letter acknowledged Plaintiff's frustrations expressed in her October 5th letter, but explained the Court could not hire counsel for Plaintiff or further delay the case.

8. Instead of filing a reply to Defendant's Motion, Plaintiff wrote a fifth letter to the Court asking the Court to compel Counsel to represent her at trial. The Court responded by letter on November 7, 2017. Again, the Court explained it could not appoint new counsel or require Counsel to resume representation. The Court also reiterated the importance of Plaintiff responding to Defendant's Motion for summary judgment and attending the hearing on December 8, 2017.

9. The Court held oral argument on December 8, 2017. Both before and after oral argument, Plaintiff filed several medical reports from her doctors regarding her physical injuries as well as a partial deposition transcript of one of her treating physicians.[6] These reports and the transcript, read liberally, offer the various doctors' opinions that Plaintiff suffered shoulder, neck, and arm injuries, with ongoing symptoms and treatment needs, as a result of her fall on May 12, 2012. In the reports, the doctors describe their treatment, the permanency of Plaintiff's condition, and the symptoms Plaintiff has experienced and may experience in the future. None of the reports indicate, even obliquely, that the doctor is qualified to, or intends to, testify regarding the standard of care applicable

---

[6] *See* D.I. 127, 129-32.

to Defendant's treatment of Plaintiff or that Defendant breached the standard of care.

**ANALYSIS**

10. Summary judgment should be awarded if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[7]

> Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.[8]

Defendant argues Plaintiff's failure to comply with Court deadlines and disclose the identity of an expert willing to testify as to standard of care and causation entitles Defendant to summary judgment as a matter of law.

11. In Delaware, medical negligence claims are governed by 18 *Del. C.* § 6853. Subsection 6853(e) provides "[n]o liability shall be based upon

---

[7] Super. Ct. Civ. R. 56(c).
[8] *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).

6

asserted negligence unless expert medical testimony is presented as to the alleged deviation from the applicable standard of care in the specific circumstances of the case and as to the causation of the alleged personal injury . . . ."[9] Therefore, absent statutory exceptions not applicable in this case, a plaintiff in a medical negligence claim "bears the initial burden of presenting expert medical testimony as to both the alleged deviation from the applicable standard of care and the causal connection between the wrongful conduct and the alleged injury."[10] "[P]roduction of expert medical testimony is an essential element of a plaintiff's medical malpractice case and, as such, is an element on which he or she bears the burden of proof."[11]

12.    Here, Plaintiff has produced no expert report or disclosure regarding Defendant's alleged breach of the applicable standard of care or the causal connection between the wrongful conduct and Plaintiff's injury.   The Court acknowledges that Plaintiff, proceeding *pro se*, attempted to provide the Court with reports detailing the extent of her physical injuries and their relation to her fall. Similarly, the Court acknowledges Plaintiff's procedural hurdles, which perhaps were compounded by Plaintiff's need for an interpreter.[12]  Even after affording Plaintiff extensions of time, however, and despite several explanations about the

---

[9] 18 *Del. C.* § 6853(e).
[10] *Burkhart*, 602 A.2d at 59 (citing *Russell v. Kanaga*, 571 A.2d 724, 732 (Del. 1990).
[11] *Id.*
[12] The Court provided an interpreter for Plaintiff at each hearing and scheduling conference that took place at the Court.

requirement for expert testimony and the likely consequences of failing to provide an expert disclosure, Plaintiff did not provide any disclosure indicating she has an expert able or qualified to testify as to the standard of care or that Defendant's breach of that standard caused her fall. Such testimony is an essential element in a medical malpractice claim, and Plaintiff's failure to provide it entitles Defendant to judgment as a matter of law.

13. For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc: Manuela Ortiz-Quinones, *pro se*
Stephen J. Milewski, Esquire

8