# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee For Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS5, | ) ) ) ) ) ) ) | C.A. No. N16L-07-149 MMJ |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| EYERCE POSTON a/k/a Eyerce Armstrong Poston and A VEE POSTON, JR., | ) ) ) ) ) | **JURY TRIAL OF TWELVE DEMANDED** |
| Defendants. | ) ) | |

Submitted: August 16, 2018
Decided: August 23, 2018

On Plaintiff Deutsche Bank Trust Company Americas'
Motion for Summary Judgment
**DENIED**

On Poston Defendants' Motion for Summary Judgment
**DENIED**

## ORDER

Joelle E. Polesky, Esq., Stradley, Ronon, Stevens & Young, LLP, Attorneys for Plaintiff.

Richard L. Abbott, Esq., Abbott Law Firm, Attorneys for Defendant.

**JOHNSTON, J.**

The parties have cross-moved for summary judgment. This is a foreclosure action. There is no dispute that Defendants are in default of their loan obligations on the subject property.

Plaintiff argues that Defendants have failed to plead any allowable defenses, *i.e.*, payment, satisfaction or avoidance. Further, Plaintiff has standing to foreclose because the note was properly endorsed to Plaintiff. Finally, Defendants were not a party to assignment of the mortgage, and thus are precluded from challenging the assignment.

Defendants assert, *inter alia*, that Plaintiff was not the holder of the note at the time this action was filed. Standing must exist at the time the action is commenced.[1] Additionally, questions exist as to Plaintiff's present standing to enforce the mortgage and note because of the lack of clarity in the documents allegedly evidencing valid transfers of the note from the original note holder. A claim that a plaintiff does not have the right to enforce the debt which the mortgage secures is "one of the possible pleas in avoidance."[2]

Summary judgment is granted only if the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be granted as a

---

[1]*Smith v. Guest*, 16 A.3d 920, 934 (Del. 2011).
[2]*Shrewsbury v. Bank of N.Y. Mellon*, 160 A.3d 471, 478 (Del. 2017).

matter of law.[3] All facts are viewed in a light most favorable to the non-moving party.[4] Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if there is a need to clarify the application of law to the specific circumstances.[5] When the facts permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law.[6] If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be granted against that party.[7]

The Court finds that genuine issues of material fact preclude summary judgment in favor of either party. These factual issues include the timing of the endorsement to Plaintiff, and the chain of endorsements from the original note holder to Plaintiff. However, the following are not genuine issues of fact relevant to this action: the legitimacy of Judy Faber's stamp endorsing the note; the authority of the Assistant Secretary of MERS to sign assignments; and the authority of Joshua Swinton to act on behalf of Ocwen to sign the Allonge.

**THEREFORE**, Plaintiff Deutsche Bank Trust Company Americas' Motion

---

[3] Super. Ct. Civ. R. 56(c).
[4] *Burkhart v. Davies*, 602 A.2d 56, 58–59 (Del. 1991).
[5] Super. Ct. Civ. R. 56(c).
[6] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

for Summary Judgment is hereby **DENIED.** Poston Defendants' Motion for Summary Judgment is hereby **DENIED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

4