# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **C.A. No.: N25C-03-051 FJJ** |
| BRICK SIMPLE, LLC and DETLEV D. ANSINN, JR., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

*On Plaintiff's Motion for Summary Judgment*

Having considered Plaintiff's Motion for Summary Judgment, Defendants' response and the arguments of the parties, it appears to the Court that:

1. On July 19, 2018, Brick Simple, LLC ("Brick Simple") executed a Promissory Note in favor of WSFS in the amount of $1,000,000. The note was later amended to reduce the principal to $800,000. Detlev D. Ansinn, Jr. ("Ansinn") signed the note both as a member of Brick Simple and as personal guarantor.[1]

2. The Note provides: "Borrower will pay this loan in full immediately upon Lender's demand."[2]

3. On or about January 3, 2025, despite no default on the part of the

---

[1] Ansinn transcript 37; 24-38:4; 53:19-21.
[2] Exhibit A to the complaint. Ansinn transcript 11:22-12:1.

1

Defendants, WSFS issued a demand letter requesting immediate payment.[3] While Ansinn takes issue with whether he received the letter in his capacity as the sole member of Brick Simple or in his capacity as guarantor of the loan, there is no factual dispute that he received the demand letter.[4]

4. The loan has not been paid.[5]

5. The Note and Guaranty provide for recovery of attorneys' fees and costs.[6]

6. Superior Court Civil Rule 56(c) states a party seeking summary judgment must show "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[7] "A genuine issue of material fact is one that 'may reasonably be resolved in favor of either party.'"[8] The court views the evidence provided "in a light most favorable to the non-moving party."[9] The initial burden is on the moving party to show there are no genuine issues of material fact.[10] The burden then shifts to the non-moving party to show there is at least one material issue of fact in dispute.[11] The court must consider "the pleadings, depositions, answers to

---

[3] *See* Exhibit B to the complaint.
[4] Ansinn dep. transcript 20:1-20:3.
[5] Cite 35-15.
[6] Exhibit A and Exhibit B to the complaint.
[7] Del. Super. Ct. Civ. R. 56(c).
[8] *Saunders v. Lightwave Logic, Inc.*, 2024 WL 4512227, at *6 (Del. Super. Ct. Oct. 17, 2024) (quoting *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979)).
[9] *Gibson v. Metro. Grp. Prop. And Cas. Ins. Co.*, 2017 WL 5606714, at *2 (Del. Super. Ct. Nov. 15, 2017) (citing *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991)).
[10] *Id.*
[11] *Id.*

interrogatories, and admissions on file, together with affidavits, if any," in determining whether there is a genuine issue as to any material fact,[12] and the court must "accept all undisputed factual assertions and accept the nonmoving party's version of any disputed facts."[13] However, any factual inferences made in favor of the non-moving party must be reasonable.[14]

7. The Note is payable on demand; demand has been made by the Plaintiff on the Defendants and the note remains unpaid. Despite this clear language, Defendants contend that summary judgment is not appropriate. Defendants claim that the loan documents are ambiguous and, as such, that allows the Defendants to present evidence in support of their defense of waiver, estoppel and/or acquiescence. The basis for these defenses is Defendants' allegations that representatives of Plaintiff made statements that WSFS does not call these loans (which is what happened in the instant case) and "we're not that kind of bank." The sole ambiguity relied upon by the Defendants is that the Loan Maturity Date is left blank in the Promissory Note dated July 19, 2018. This absence of a maturity date does not render the loan document ambiguous given that the note document clearly states the loan is

---

[12] *Coker v. Tenney-Andrews*, 2016 WL 6659500, at *2 (Del. Super. Ct. Nov. 10, 2016) (quoting Del. Super. Ct. Civ. R. 56(c)).

[13] *Id.* (quoting *Sztybel v. Walgreen Co.*, 2011 WL 2623930, at *2 (Del. Super. Ct. June 29, 2011)).

[14] *Smith v. Haldeman*, 2012 WL 3611895, at *1 (Del. Super. Ct. Aug. 21, 2012) (citing *Mergenthaler v. Asbestos Corp. Of America, Inc.*, 1988 WL 16284, at *5 (Del. Super. Ct. July 13, 1988).

a demand loan. Without an ambiguity in the loan documents, Defendants may not rely upon parol evidence contradicting the clear terms of the loan documents.[15]

8. Defendants maintain that there is a factual dispute over attorneys' fees because when the demand letter was sent on January 3, 2025, it said that attorneys' fees and costs were due as of January 2, 2025, and the loan was not yet in default. I agree that attorneys' fees would not have been due at that point but that does not create a genuine issue of material fact. At oral argument Plaintiff's counsel agreed that no attorneys' fees would be requested for the 30-day period following January 3, 2025. I order that attorneys' fees are not permitted for work spend prior to February 3, 2025.

For the stated reasons, Plaintiff's Motion for Summary Judgment is **GRANTED** with the provision that attorneys' fees are not due prior to February 2, 2025. The parties shall meet and confer on a final form of order and submit same within 10 days of the date of this order. If the parties cannot agree, Plaintiff shall submit its form of order within 10 days of the date of this order and Defendants shall file any objection with its own form of order within 5 days of Plaintiff's filing.

---

[15] *See Am. Healthcare Admin. Servs., Inc. v. Aizen*, 285 A.3d 461, 475 (Del. Ch. 2022).

**IT IS SO ORDERED** this 2ⁿᵈ day of December, 2025.

_/s/ Francis J. Jones, Jr._
Francis J. Jones, Jr., Judge

cc:    File&ServeXpress