# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DONNA J. GIBSON,         )
                                )
      Plaintiff,         )
                                )
        v.                 )
                                )   C.A. No. N16C-10-087 CLS
METROPOLITAN GROUP       )
PROPERTY AND CASUALTY     )
INSURANCE COMPANY, GARY   )
HIGGINS and JOHN DOORDAN,   )
                                )
      Defendants.      )

Date Submitted: August 28, 2017
Date Decided: November 15, 2017

On Defendant Gary Higgins'
Motion for Summary Judgment. **GRANTED**.

## ORDER

Joseph J. Rhoades, Esquire, and Stephen T. Morrow, Rhoades & Morrow LLC, Wilmington, Delaware, Attorneys for Plaintiff.

Lisa M. Grubb, Esquire, Law Office of Cynthia G. Beam, Newark, Delaware, Attorney for Defendant, Gary Higgins.

Tracy A. Burleigh, Esquire, Marshall Dennehey Warner Coleman & Goggin, Wilmington, Delaware, Attorney for Defendant Metropolitan Group Property and Casualty Insurance Company.

Robert D. Cecil, Jr., Tybout, Redfearn & Pell, Wilmington, Delaware, Attorney for Defendant John Doordan.

**SCOTT, J.**

## Background and Parties' Contentions

Defendant, Gary Higgins ("Mr. Higgins"), filed a Motion for Summary Judgment on July 24. 2017.[1]  In his motion, Mr. Higgins contends that there is no issue of genuine fact and he is entitled to summary judgment pursuant to Superior Court Civil Rule 56. This action arose from a three-car collision in Newark, Delaware. On September 18, 2015, Plaintiff Donna J. Gibson ("Plaintiff") was driving on Main Street in Newark, Delaware.  Mr. Higgins was operating a vehicle directly behind Plaintiff, and Defendant John Doordan ("Mr. Doordan") was operating a vehicle behind Mr. Higgins. At or near the intersection of Pomeroy Drive in Newark, Delaware, Mr. Higgins states that Mr. Doordan struck the rear of his vehicle which caused Mr. Higgins' vehicle to strike the rear of Plaintiff's vehicle. On May 22, 2017, Plaintiff, Mr. Higgins and Mr. Doordan were deposed.  Mr. Higgins argues that Plaintiff was unable to state which vehicle stopped directly behind her and "what the driver of the third vehicle was doing at the time of impact because at all times she was looking forward."  Mr. Higgins points to his deposition where he testified that he "absolutely" came to a "controlled stop," and that he was hit from behind and he was pushed into Plaintiff's vehicle.  Additionally, Mr.

---

[1] Defendant Metropolitan Group Property and Casualty Insurance Company filed a letter on August 23, 2017 stating that it takes no position on Mr. Higgins' Motion for Summary Judgment. Defendant John Doordan filed a letter on August 24, 2017 stating that he also takes no position on Mr. Higgins' Motion.

Higgins argues that Mr. Doordan testified that the sun was in his face and he thought that the traffic light turned green so he accelerated which caused him to rear-end Mr. Higgins' vehicle which was at a complete stop. Based on Mr. Higgins' and Mr. Doordan's testimony, Mr. Higgins argues that the record is devoid of any proof that Mr. Higgins was negligent. Mr. Higgins cites to two cases to support his argument. First, Mr. Higgins cites to *Reid v. Hindt* for the proposition that the Delaware Supreme Court affirmed summary judgment where the record established that the middle vehicle driver was not negligent.[2] Additionally, Mr. Higgins cites to *Smith v. Haldeman* arguing that this Court granted summary judgment in favor of a defendant in a factually similar case.[3]

On the other hand, Plaintiff argues that the evidence is sufficient for a jury to find that Mr. Higgins struck Plaintiff's vehicle first. Plaintiff points to her deposition testimony which states:

> Q: And why don't you tell me in your own words how the accident occurred.
> A: Ok. We were just riding down Main Street. It was a red light, came to a stop. Then all of a sudden, I felt a bump from behind and then another hit from behind.
> Q: So you felt two impacts from behind.
> A: Yes, ma'am.

---

[2] 976 A.2d 125, 132 (Del. 2009).
[3] 2012 WL 3611895 (Del. Super. Aug. 21, 2012)

Plaintiff then described the first impact as a "heavy impact" and the second impact was "not as severe as the first one." Additionally, when Plaintiff was asked about the timing between impacts, she testified that it was "right away." Plaintiff argues that although Mr. Higgins states that he came to a controlled stop before his vehicle struck Plaintiff's vehicle, a jury could determine that he did not stop based on Plaintiffs testimony. Plaintiff argues that *Smith v. Haldeman*, a case relied on by Mr. Higgins, is distinguishable to the case before the Court. Plaintiff contends that in *Smith*, the plaintiff did not assert that she felt two impacts at the time of the accident. Here, Plaintiff stated she felt two separate impacts, and Plaintiff argues that based on this evidence summary judgment is appropriate. Mr. Higgins filed a Reply on August 28, 2017. In his reply, Mr. Higgins argues that Plaintiff's recollection of two distinct impacts, without any other evidence, does not draw a reasonable inference that Mr. Higgins was negligent.

## Standard

The Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[4] The moving party bears

---

[4] Super. Ct. Civ. R. 56(c); *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).

4

the initial burden of showing that no material issues of fact are present.[5]  Once such a showing is made, the burden shifts to the non-moving party to demonstrate that there are material issues of fact in dispute.[6]  In considering a motion for summary judgment, the Court must view the record in a light most favorable to the non-moving party.[7]  The Court will not grant summary judgment if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law.[8]

## **Discussion**

Viewing the facts in a light most favorable to Plaintiff, summary judgment is appropriate as there are no material facts in dispute. "Delaware courts consistently recognize that issues of negligence are generally not appropriate for a decision at the summary judgment state,"[9] and questions of proximate cause "are questions of fact ordinarily to be submitted to the jury for decision."[10] However, this does not mean that summary judgment is never appropriate in negligence actions. In *Smith v. Haldeman*, a case cited by both parties, the court found that there were no genuine

---

[5] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[6] *Id.* at 681.
[7] *Burkhart*, 602 A.2d at 59.
[8] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *Phillip-Postle v. BJ Prods., Inc.*, 2006 WL 1720073, at *1 (Del. Super. Apr. 26, 2006).
[9] *Coker v. Tenney-Andrews*, 2016 WL 6659500, at *2 (Del. Super. Nov. 10, 2016)(citing *Ebersole*, 180 A.2d at 469). *See also Amalfitano for Estate of Smith v. Cocolin*, 2017 WL 3051480, at *4 (Del. Super. July 18, 2017)("Moreover, issues of proximate cause are typically fact-intensive and contrary to judicial resolution as a matter of law.").
[10] *Coker*, 2016 WL 6659500, at *2 (citing *Ebersole*, 180 A.2d at 469).

issues of material fact and the middle car in a three car collision was not negligent.[11] The court reasoned that there was no dispute that the driver "brought her car to a complete stop without striking [the plaintiff's] car before the accident," and the defendant's car "collided with [the plaintiff's] car when [the third driver] failed to stop in time and ran into the [the defendant's]" car.[12]

On the other hand, in *Coker v. Tenney-Andrews*[13], the plaintiff was involved in a three car collision where the third vehicle caused the second vehicle to collide with plaintiff's vehicle. The plaintiff argued that the drivers of both vehicles were "joint tortfeasors and that their separately negligent acts proximately caused the collision," and the two drivers were negligent because "they followed the vehicles in front of them too closely."[14] The driver of the middle vehicle (the car that struck the plaintiff) filed a motion for summary judgment claiming that she was not "negligent, as a matter of law, because she was able to completely stop her car before [the third car] struck the rear of her vehicle and pushed her into [the plaintiff]."[15] The court found that summary judgment was inappropriate because there was evidence in the record demonstrating that "a reasonable inference could be drawn by a reasonable jury that [the defendant] acted negligently and her negligent actions

---

[11] *Smith v. Haldeman*, 2012 WL 3611895, (Del. Super. Aug. 21, 2012).
[12] *Id.* at *3.
[13] *Coker v. Tenney-Andrews*, 2016 WL 6659500, (Del. Super. Nov. 10, 2016).
[14] *Id*. at *1.
[15] *Id.*

were one proximate cause of [the plaintiff's] injuries."[16] The court distinguished the case from *Smith*,[17] in that there was evidence that the defendant driver of the middle vehicle "slammed on her breaks to avoid hitting [the plaintiff's] car," and this testimony came from the defendant driver herself.[18] With this evidence "[a] reasonable inference from the fact that [defendant] had to brake quickly is that she was following too closely and that this alleged negligence contributed to the collision."[19]

Here, although there are slight factual differences, this case is similar to *Smith*. Mr. Higgins' argument is that Plaintiff failed to present evidence that Mr. Higgins did not stop before his vehicle struck Plaintiff's, and both Mr. Doordan and Mr. Higgins testified that Mr. Higgins came to a complete stop. Distinguishable from *Smith*, the Plaintiff claims that although she could not testify whether Mr. Higgins' vehicle came to a complete stop before the accident, she testified that she felt two different impacts. Plaintiff has the burden of showing that a defendant owed her a legal duty, the defendant breached that duty, and she sustained an "injury proximately caused by that breach."[20] Under Delaware law, "only when the absence

---

[16] *Id.* at *3.

[17] 2012 WL 3611895 (Del. Super. Aug. 21, 2012).

[18] *Coker*, 2016 WL 6659500, at *3.

[19] *Id.*

[20] *Mayfield v. Harrington*, 2013 WL 5375285, at *2 (Del. Super. Sept. 18, 2013)(citing *Patton v. Simone*, 1993 WL 144367, at *10 (Del. Super. Mar. 22, 1993)).

7

of an issue of any material fact relating to the question of negligence or proximate cause is shown may summary judgment be granted on a motion of a defendant."[21] "A fact is material if it 'might affect the outcome of the suit under the governing law.' A dispute about a material fact is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party'."[22] A reasonable jury could not return a verdict for Plaintiff. Both Mr. Higgins and Mr. Doordan testified that Mr. Higgins came to a complete stop before Mr. Higgins' vehicle struck Plaintiff's car. Plaintiff did not testify to the contrary. Additionally, unlike *Coker*, there is no evidence that Mr. Higgins was acting negligently before his vehicle struck Plaintiff's vehicle. Based on this evidence, a reasonable jury could not infer that Mr. Higgins struck Plaintiff's vehicle first or that he was acting negligently. Accordingly, Defendant Gary Higgins' Motion for Summary Judgment is hereby **GRANTED.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**

---

[21] *Ebersole*, 180 A.2d 467 at 469.
[22] *Smith*, 2012 WL 3611895, at *2 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).