# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PAUL and SHARON AGOSTINI,     )
                              )
        Plaintiffs,           )
                              )
    v.                        )
                              )    C.A. No. N16C-06-167 CLS
BLENHEIM AT AUGUSTINE         )
CREEK, LLC,                   )
                              )
        Defendant.            )
                              )
                              )

Date Submitted: November 1, 2018
Date Decided: January 7, 2019

On Defendant Blenheim at Augustine Creek, LLC's
Motion for Summary Judgment.
**Denied** in part, and **Granted** in part.

Dean R. Roland, Esquire, Cooch and Taylor P.A., The Brandywine Building, 1000 West Street, 10th Floor, Wilmington, Delaware, 19801. Attorney for Plaintiff.

Jeffrey M. Weiner, Esquire, 1332 King Street, Wilmington, Delaware, 19801. Attorney for Defendant.

**Scott, J.**

## Background

On October 10, 2006, Plaintiffs Paul and Sharon Agostini entered a Sales Agreement for the purchase of a home with Defendant Blenheim at Augustine Creek, LLC. The Agostinis settled on the home on May 25, 2007. Prior to 2014 the home suffered water and moisture penetration affecting various areas of the home, including damage to the façade of the home. In early 2014, at the direction of New Castle County, Blenheim repaired or replaced the exterior plaster.[1] Blenheim additionally installed new windowsills in the garage, living room, and dining room.[2]

In June 2014, the Agostinis' home again began to experience moisture penetration and water damage. The Agostinis claim Blenheim has not undertaken to rectify the continued issues, and therefore this action was filed on June 20, 2016. The Agostinis grounds for relief are Negligent Repair, Negligent Supervision, and Breach of Implied Warranty.

## Parties Assertions

Defendant Blenheim filed this Motion for Summary Judgment arguing the Agostinis' expert's opinion is not based on the fundamental facts in the case, and therefore is inadmissible. Blenheim argue that Plaintiff's expert opinion is based on an incorrect factual basis because the report does not state that a security system was

---

[1] Def. Mot. at 1.
[2] Am. Compl. at 2.

installed in the home, the expert was unable to locate a building permit related to the 2014 repairs, and that the expert believes certain necessary elements are missing in the repair work. Blenheim further argues their undisputed expert's testimony regarding the causation warrants Summary Judgment in their favor.

In the alternative, Blenheim sates they are entitled to Summary Judgment on the Agostinis' demand for a jury trial, and request for punitive damages.

The Agostinis counter that their expert is aware of the necessary fundamental facts at issue in the case. The Agostinis argue the issuance of a permit, and an inspection does not prove the repairs were conducted according to the applicable standards of care, therefore the expert's observation that no permit was issued is immaterial. The Agostinis state their expert conducted his own inspection of the home in order to reach the conclusions outlined in his report, and that the rebuttal evidence offered by Blenheim's expert does not address all of the deficiencies discovered. Additionally, the Agostinis deny that the installation of the security system was the cause of holes observed by Defendant's expert, rather they were the result of invasive testing conducted by a different home inspector in 2016.

In regards to the waiver of a jury trial, the Agostinis argue this action is based on the 2014 repairs, and not the 2006 Sales Agreement, therefore the terms of the agreement are not applicable. In the alternative, the Agostini's argue the waiver was not sufficiently conspicuous, and therefore not enforceable.

## Standard of Review

The Court may grant Summary Judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[3] The moving party bears the initial burden of showing that no material issues of fact are present.[4] Once such a showing is made, the burden shifts to the non-moving party to demonstrate that there are material issues of fact in dispute.[5] In considering a Motion for Summary Judgment, the Court must view the record in a light most favorable to the non-moving party.[6] The Court will not grant Summary Judgment if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law.[7]

## Discussion

Defendant's Motion for Summary Judgment seeks to exclude the Agostini's expert witness. Expert opinion testimony is governed by Delaware Rule of Evidence 702, which requires when expert testimony will assist the trier of fact to understand the evidence or to determine a fact in issue, the testimony must be based upon

---

[3] Super. Ct. Civ. R. 56(c); *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).
[4] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[5] *Id.* at 681.
[6] *Burkhart*, 602 A.2d at 59.
[7] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *Phillip-Postle v. BJ Prods., Inc.*, 2006 WL 1720073, at *1 (Del. Super. Ct. Apr. 26, 2006).

sufficient facts or data, is the product of reliable principles and methods, and the witness has applied the principles and methods reliably to the facts of the case.[8] When determining the admissibility of such evidence the trial judge acts as a "gatekeeper" to determine "whether the proffered evidence is both relevant and reliable."[9] The relevancy prong requires that "the evidence relates to an issue and it will aid the fact finder."[10] For evidence to be reliable, the "testimony must be supported by appropriate validation—i.e., 'good grounds,' based on what is known."[11] Delaware Courts recognize as a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is for the opposing party to challenge the factual basis of the expert opinion on cross-examination.[12]

Defendants argue the Agostini's expert opinion is not based on upon fundamental supporting facts. Defendant cites the Court's holding in *Perry v. Berkley,* wherein an expert's opinion was rendered upon a *completely incorrect* factual predicate.[13] That is not the case here. The Agostini's expert conducted their own physical inspection of the home, providing an independent factual basis for his

---

[8] D.R.E. 702.

[9] *Tumlinson v. Advanced Micro Devices, Inc.*, 2013 WL 7084888 at *2 (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993)).

[10] *Id.*

[11] *Id.*

[12] *Perry v. Berkley*, 996 A.2d 1262, 1271 (Del. 2010). (emphasis in original).

[13] *Perry v. Berkley*, 996 A.2d 1262, 1271 (Del. 2010).

opinion. Plaintiff's expert rebuttal addresses the credibility of the Agostini's expert, not the admissibility of his testimony.

Turning to the question of the waiver of a jury trial, the issue is whether this action was brought pursuant to the Sales Agreement, or to recover damages from the 2014 repair. Under the Sales Agreement, Blenheim provided a ten year limited warranty against major structural defects.[14] The Amended Complaint claims the home has "suffered from numerous, serious design and construction defects" resulting in among other things "structural and physical instability."[15] These claims were present prior to the 2014 repairs, and continued thereafter.[16] While the repairs are not explicitly characterized as warranty repairs, the parties have produced no other agreement under which Blenheim was obligated to perform the work. It appears this action is an effort by the Plaintiffs to be made whole under the 2006 Sales Agreement between the parties. Therefore, the terms of the Sales Agreement control.

A contractual waiver of the Constitutional right to a trial by jury is not a novel issue in this Court. In *CIT Communications Finance Corp. v. Level 3 Communications, LLC,* the Court adopted four factors that must be considered in

---

[14] Def. Mot. Ex. B Limited Warranty Addendum Pg. 1 Paragraph 4.
[15] Compl. at 2.
[16] Compl. at 3.

determining the efficacy of a contractual waiver of the right.[17] Those factors are (1) the negotiability of the contract terms; (2) any disparity in bargaining power between the parties; (3) the business acumen of the party opposing the waiver; and (4) the conspicuousness of the jury waiver provision.[18]

In *Wilmington Trust Co. v. Renner's Paving, LLC*, the Court provided the parties' burdens of proof when the applicability of a contractual waiver of the right to a jury is in issue:

> [A] party seeking to preclude his opponent from a jury trial in a case in which it is otherwise available must present evidence sufficient to show that the parties agreed to waive a jury trial and that the terms of that agreement are sufficiently "conspicuous" as to demonstrate that a party signing such an agreement would have been on notice of the term upon a simple reading thereof.[19] A party resisting such a motion must then produce record evidence that demonstrates that there are countervailing circumstances that make enforcement of such a waiver inappropriate.

The Sales Agreement contains the following, one of the 23 enumerated paragraphs that comprises the Agreement:

> 17. JURISDICTION; WAIVER OF JURY TRIAL. Delaware Law governs this Agreement (except for any laws governing conflict of laws), and the parties agree that Courts sitting in New Castle County, Delaware shall have sole jurisdiction and venue, except as otherwise

---

[17] *CIT Commc'ns Fin. Corp. v. Level 3 Commc'ns, LLC*, 2008 WL 2586694, at *5 (Del. Super. Ct. 2008).

[18] *Id.*

[19] *Wilmington Tr. Co. v. Renner's Paving, LLC*, 2013 WL 1442366, at *5 (Del. Super. Ct. Mar. 27, 2013)

provided in the Warranty Addendum. In the event of litigation, Buyer waives the right to a jury trial.

The Agostini's initials are present at the bottom of each page of the Agreement accompanied by their full signatures on the signature page. As the Court in *Renner's* noted when faced with a similar contractual clause, "The language employed is not overly legalistic and expresses quite clearly that all disputes are to be resolved without a jury […] the waiver is stated clearly and unambiguously and in sufficiently large print that one engaging in an even casual read of the document would see it.[20] Plaintiff's argument that the clause was not sufficiently conspicuous as it was in the same font, color, and style fails to address how the waiver would go unnoticed with a simple reading of the Agreement.

At this point, the Court faces the same dilemma as it did in *Renner's*; there is no evidence related to the remaining factors for the Court to consider. Plaintiffs have presented no evidence related to negotiability of the contract terms, a disparity in bargaining power between the parties, nor their business acumen.[21] The burden is on the Plaintiffs in this case to show these factors merit a finding that the enforcement of the waiver is inappropriate. Plaintiffs have not met this burden; therefore, Plaintiff's jury demand must be stricken.

---

[20] *Wilmington Tr. Co. v. Renner's Paving, LLC*, 2013 WL 1442366, at *4 (Del. Super. Ct. 2013).
[21] *Id*.

As to Defendant's Motion for Summary Judgment on the issue of punitive damages, Plaintiffs do not oppose the motion. Plaintiffs may not present a request for punitive damages.

## Conclusion

Blenheim's argument against Plaintiff's expert goes to the issue of credibility not admissibility, therefore Blenheim's Motion for Summary Judgment is **Denied**. Blenheim's motion to strike the request for a jury trial is **Granted** based upon the waiver clause of the Sales Agreement. Blenheim's Motion to Dismiss Punitive Damages is **Granted**.

For the forgoing reasons, Defendant's Motion for Summary Judgment is **DENIED** in part, and **GRANTED** in part.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**