# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSHUA ADLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N17C-10-255 CLS |
| HUMMOCK ISLAND SHELLFISH, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Date Submitted: October 9, 2018
Date Decided: January 7, 2019

## ORDER

## Background

Hummock Island Shellfish, LLC (Hummock Island) is a Delaware LLC with its principal place of business in Westport, Connecticut. Hummock Island began operations in 2014. In an effort to raise capital, Hummock Island and Joshua Newman on behalf of Outlier Capital, LLC began negotiations for Outlier to invest in Hummock Island. Hummock Island and Outlier entered into a Note Purchase Agreement (NPA) on February 15, 2014. Under the NPA various convertible promissory notes were issued. The only convertible promissory note in the record is a note for the amount of $50,000, dated February 15, 2014, hereinafter labeled the

"Note." The Note before the Court is a convertible promissory note, payable to the order of Outlier Capital. The Note is convertible into a membership interest unit in Hummock Island upon certain conditions. The NPA specifies the mechanics of conversion as well as the right to convert the Note.

Prior to the issuance of the Note, Outlier invested a total of $15,000 in Hummock Island. This investment was used by Hummock Island for the purchase of seedlings for its shellfish business.[1]

Joshua Adler (Plaintiff) had his own relationship with Outlier and Newman, wholly unrelated to the Outlier/Hummock Island relationship. On March 16, 2015, Plaintiff filed a civil complaint in this Court against Outlier Capital and Newman individually.[2] That action sought damages for breach of contract, and guarantor obligations. On May 14, 2015, default judgment was entered in favor of Plaintiff against Newman and Outlier in the amount of $127,396.51. On July 31, 2015 a Writ of Attachment *Fieri Facias* was issued by the Court ordering Hummock Island, as garnishee, to declare and retain "all money, goods, credits and effects, stocks, bonds, personal property, and/or real estate" belonging to Outlier.

On August 28, 2017 Plaintiff and Newman, on behalf of Outlier, entered into a Settlement Agreement by which Newman purported to assign the Hummock Island

---

[1] Pl. Mot. Ex. C at 31.
[2] *Joshua Adler v. Outlier Capital, LLC, Joshua Newman and Northstar Crossfit, INC.*, C.A. No. K15C-03-017 WLW.

2

NPA, a $100,000 convertible promissory note, and a $50,000 promissory note in satisfaction of the Judgment against Outlier.

**Parties Assertions**

Adler asserts the assignability of a right to damages for breach of contract permits bringing this action in his own name. Plaintiff argues he has the right to bring an action to enforce all of the rights and interests previously held by Outlier.

Plaintiff argues he is entitled to partial Summary Judgment on his breach of contract claim for the amount of the initial investment made by Outlier. Plaintiff claims the NPA and the Note are valid and enforceable contracts, under which all conditions precedent have been satisfied. Plaintiff alleges Hummock's failure to repay any sum owed on the Note constitutes a default, entitling him to recover 1) the unpaid principal indebtedness of $15,000 paid by Outlier, 2) accrued interest thereon, and 3) all of his reasonable legal expenses, including attorney's fees pursuant to the NPA.

In the alternative, Plaintiff argues, under a theory of unjust enrichment he is entitled to the initial investment plus accrued interest. Plaintiff argues Hummock Island retained the benefit of the Outlier funds, and has not repaid any principal or accrued interest, to his detriment.

Hummock Island contends Plaintiff's Motion is based on the flawed predicate that the Note and NPA were validly assigned to Plaintiff. Defendant argues Outlier failed to substantially comply with its obligations under either the NPA or the Note, therefore Plaintiff cannot recover under a theory of breach of contract.

Defendant states the Note and NPA create a membership interest in the LLC, and that a Transfer of a membership interest not in accordance with the terms of the LLC operating agreement is null and void. In support, Defendant argues the Note imposed an obligation on Outlier to surrender the Note to Defendant in order to effect a transfer to another party. Defendant asserts that the Note was not surrendered in accordance with this obligation.

Defendant additionally raises an issue with the reasonableness of Plaintiff's reliance on the factual representations made by Newman in assigning his rights under the Note and NPA. Defendant claims the Settlement Agreement purports to assign the $50,000 Note in the record as well as the superseded $100,000 note. Furthermore, Defendant points to Plaintiff's Demand for Arbitration of the dispute with Outlier. Defendants argue Plaintiff's own characterization of Newman as a "con man" in proceedings prior to the assignment undermines the idea Plaintiff could reasonably rely on misrepresentations made in the Agreement.

## Standard of Review

The Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[3] The moving party bears the initial burden of showing that no material issues of fact are present.[4] Once such a showing is made, the burden shifts to the non-moving party to demonstrate that there are material issues of fact in dispute.[5] In considering a motion for summary judgment, the Court must view the record in a light most favorable to the non-moving party.[6] The Court will not grant summary judgment if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law.[7]

## Analysis

### Breach of Contract

Plaintiff asserts the factual conclusion "all conditions precedent to triggering Hummock's obligations under the NPA and the $50,000 Note have occurred or been

---

[3] Super. Ct. Civ. R. 56(c); *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).
[4] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[5] *Id.* at 681.
[6] *Burkhart*, 602 A.2d at 59.
[7] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *Phillip-Postle v. BJ Prods., Inc.*, 2006 WL 1720073, at *1 (Del. Super. Ct. Apr. 26, 2006).

5

satisfied."[8] However, Adler has not shown Outlier met its initial obligation for the issuance of the Note presented, raising a material question of fact as to the formation of the contract Defendant is alleged to have breached. In addition, Adler has not shown that Outlier/Newman effected a valid Transfer in accordance with the terms of the Note.

On a Motion for Summary Judgment the moving party bears the initial burden of showing that no material issues of fact are present.[9] Plaintiff has failed to do so, therefore Summary Judgment on Plaintiff's breach of contract claim is **Denied**.

**Unjust Enrichment**

Unjust enrichment is "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience."[10] To obtain restitution, the plaintiffs are required to show that the defendants were unjustly enriched, at the expense of the plaintiff.[11]

Plaintiff's Motion for Summary Judgment on the unjust enrichment claim fails for reasons similar to his breach of contract claim. Plaintiff argues that as Outlier's assignee he is entitled to repayment of Outlier's investment. This argument

---

[8] Pl. Mot. at 37.
[9] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[10] *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010)
[11] *Fleer Corp. v. Topps Chewing Gum, Inc.*, 539 A.2d 1060, 1062 (Del. 1988).

presupposes the validity of the assignment from Newman/Outlier to Plaintiff. Defendant raises issues of fact surrounding the assignment. Primarily, Defendant questions Plaintiff's reliance on assertions of fact contained in the Settlement Agreement with Newman. As Defendant rightly argues, the circumstances surrounding the Settlement Agreement raise genuine issues of fact that must be addressed, therefore Summary Judgment on Plaintiff's unjust enrichment claim is **Denied**.

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**

7