# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JAMES P. KALIL,                          )
                                         )
            Plaintiff,                   )
                                         )
    v.                                   )   C.A. No. N18C-10-287 CLS
                                         )
DONALD J. KALIL,                         )
                                         )
            Defendant.                   )

Date Submitted:  February 26, 2019
Date Decided:  May 29, 2019

*Upon Defendant Donald J. Kalil's
Motion for Summary Judgment*
**Granted.**

James P. Kalil, *Pro Se* Plaintiff.

Daniel R. Losco, Esquire, Losco & Marconi, P.A., Wilmington, Delaware, Attorney for Defendant.

**Scott, J.**

## Overview

Plaintiff James P. Kalil brings this action against, Defendant Donald J. Kalil, his brother, to enforce an accelerated loan payment to the Estate and Trust of Dr. James Kalil, Sr. ("Dr. Kalil")[1] pursuant to a Promissory Note executed between Dr. Kalil and Defendant in 2011. Defendant now moves for summary judgment, arguing that Plaintiff does not have standing to bring such a claim and that the Promissory Note does not require a payment in full until its stated maturity date of June 30, 2020. For the following reasons, Defendant's Motion for Summary Judgment is **GRANTED**.

## Background

On July 1, 2011, Dr. Kalil sold Defendant 49,000 shares of voting common stock of Affinity Wealth Management ("AWM"), a Delaware investment firm, for a purchase price of $1,432,244.[2] This sale was recorded in a Stock Purchase Agreement. A Promissory Note ("Note") memorializing a $1,432,244.00 loan from Dr. Kalil to Defendant was issued in connection with the Stock Purchase Agreement to fund Defendant's purchase of the 49,000 shares.[3] The Note provides that

---

[1] Plaintiff James Kalil, Jr. and Defendant Donald J. Kalil are brothers. Their father, Dr. James Kalil, Sr., died testate on November 8, 2014. *See In Re Kalil*, 2018 WL 793718, at *1 (Del. Ch. Feb. 7, 2018).

[2] Ex. A of Pl.'s Compl. (Stock Purchase Agreement); *see Kalil*, 2018 WL 793718, at *1 ("The Kalil family owned and ran an investment firm, now known as Affinity Wealth Management, Inc.").

[3] Ex. A of Pl.'s Compl. (Promissory Note) [hereinafter, "Promissory Note"]; Def.'s Answ. ¶ 3.

2

Defendant shall make annual payments of interest only in the amount of $28,715.06 for a period of nine (9) years, commencing on June 30, 2012 and continuing on June 30 of each year thereafter until June 30, 2020 ("Maturity Date").[4] The Note further provides on the Maturity Date, Defendant shall pay the unpaid principal and any remaining accrued interest in full.[5]

Following Dr. Kalil's death in 2014, Defendant was appointed as personal representative of his estate on January 16, 2015.[6] In February 2015, in his capacity as the Personal Representative of Dr. Kalil's Estate and as the Successor Trustee for a trust established by Dr. Kalil in 1997 ("1997 Trust"), Defendant administered an allonge to be attached to, and to become a permanent part of, the Note ("Allonge").[7] The Allonge added the following endorsement to the Note:

> Pay to the order of James Kalil, Sr. Revocable Trust u/a/d July 15, 1997, without recourse or warranty.[8]

On October 25, 2018, Plaintiff James P. Kalil, Jr. filed a complaint alleging that all sums due under the Note are accelerated as a result of Defendant's sale of the 49,000 stocks transferred under the Stock Purchase Agreement.[9] Plaintiff now seeks the Court to order that Defendant immediately pay the Note in full principal

---

[4] Promissory Note § I.C.
[5] Id.
[6] Def.'s Mot. for Summ. J. ¶ 2; Kalil, 2018 WL 793718, at *3.
[7] Ex. B of Pl.'s Compl. (Allonge to Promissory Note).
[8] Id.
[9] Pl.'s Compl.

3

and interest to the Estate and Trust of Dr. Kalil.[10] Defendant concedes that he has sold his stock in AWM but contends that the complaint fails to state a claim for relief for reasons discussed below and moves for Summary Judgment under Superior Court Civil Rule 56.

## Standard of Review

The Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[11] The moving party bears the initial burden of showing that no material issues of fact are present.[12] Once such a showing is made, the burden shifts to the non-moving party to demonstrate that there are material issues of fact in dispute.[13] In considering a motion for summary judgment, the Court must view the record in a light most favorable to the non-moving party.[14] The Court will not grant summary judgment if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law.[15]

---

[10] *Id.* ("As the subject matter of this loan is no longer possessed by [Defendant] who has sold it to another party, I am requesting this court to order him to pay in full principle [sic] and interest on this note for $1,432,244.00 immediately to the Estate and Trust of James Kalil, Sr.").

[11] Super. Ct. Civ. R. 56(c); *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).

[12] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[13] *Id.* at 681.

[14] *Burkhart*, 602 A.2d at 59.

[15] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *Phillip-Postle v. BJ Prods., Inc.*, 2006 WL 1720073, at *1 (Del. Super. Ct. Apr. 26, 2006).

4

## Discussion

Defendant asserts that Plaintiff lacks standing to bring the instant claim because only the holder of the Note has standing to assert collection rights under it.[16] Defendant contends that, as the Trustee of the 1997 Trust, he is the legal holder of title to the Note and thus Plaintiff does not have standing to enforce its repayment.[17] Defendant further asserts that nothing but periodic interest payments are due under the note until the stated Maturity Date of June 30, 2020.[18] According to Defendant, nothing in the Note requires that the Note be prepaid prior to the Maturity Date in the event Defendant sells his shares of stock in AWM.[19] In a sworn affidavit provided to the Court, Defendant avers that the Note has not been amended, that he has made all scheduled annual interest payments due under the Note and that he is not otherwise in default in his performance obligations.[20]

Plaintiff, in response, argues that he has a legal right as a co-trustee and beneficiary of the Estate and Trust of Dr. Kalil to address concerns with Defendant's sale of the AWM stock prior to paying the total balance owed under the Note.[21] Plaintiff contends that the Stock Purchase Agreement and the Note were executed exclusively for the purchase of the AWM shares and not for the purpose of providing

---

[16] Def.'s Mot. for Summ. J. ¶ 3.
[17] *Id.*
[18] *Id.* ¶ 4.
[19] *Id.*
[20] Aff. of Def. Donald J. Kalil (Dec. 27, 2018) (D.I. 13).
[21] Pl.'s Resp. in Opp'n to Def.'s Mot. for Summ. J. ¶ 1 (Feb. 26, 2019) (D.I. 17).

an open line of credit for Defendant to use at his own discretion before fulfilling his obligations under the Note.[22] According to Plaintiff, Defendant has yet to pay any amount on the principal balance due under the Note despite having sold all of the AWM shares transferred under the Stock Purchase Agreement.[23]

In view of the facts in the light most favorable to Plaintiff as the non-moving party, the Court finds that Defendant has sufficiently demonstrated that there are no genuine issues of material fact. A review of the Note reveals the terms of repayment do not require Defendant retain ownership of the AWM stock. In fact, nothing in the Note or the Stock Purchase Agreement restricts or limits Defendant's ability to sell or transfer the AWM stock. Moreover, there is no provision in the Note detailing any circumstance in which an accelerated payment of the full loan amount would be required before the Maturity Date. Rather, in the event of default, defined as "non-payment of all or any portion of principal or interest when due,"[24] the Note provides the following:

> The entire outstanding principal balance as well as any other amount owing pursuant to this Note, shall bear interest at a default rate which shall be the rate of twelve (12%) percent per annum (the "Default Rate") until such sum is paid in full from and after an Event of Default.[25]

---

[22] *Id.* ¶ 3.
[23] *Id.* ¶ 4. Plaintiff additionally requests the Court to impose the 12% default interest rate from the time of stock sale to present, as provided in the Note. *Id.* at 4.
[24] Promissory Note § II.A.
[25] *Id.* § I.E.

6

As a result, Plaintiff's contention that Defendant's sale of the AWM stock prompts acceleration of all sums due under the Note must fail.

## Conclusion

For the forgoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

_____

**Judge Calvin L. Scott, Jr.**