# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CADLES OF WEST VIRGINIA LLC,    )
    )
    Plaintiff,    )
    )
    v.    )
    )    C.A. No. N22C-03-101 CLS
CTE HEALTHCARE,    )
COMMUNICATIONS LLC and    )
LEEXAN HONG,    )
    )
    Defendant.    )
    )

Date Submitted: October 31, 2022
Date Decided: December 13, 2022

*Upon Plaintiff's Motion for Summary Judgment.* **DENIED.**

## ORDER

Kevin S. Mann, Esquire, Cross & Simon, LLC, Wilmington, Delaware, 19801, Attorney for Plaintiff, Cadles of West Virginia, LLC.

Christofer C. Johnson, Esquire, The Johnson Firm LLC, Wilmington, Delaware, 19801, Attorney for Defendants, CTE Healthcare Communications LLC and Leexan Hong.

**SCOTT, J.**

## INTRODUCTION

Before the Court is Plaintiff Cadles of West Virginia, LLC's ("Cadles") Motion for Summary Judgment ("Motion"). Upon consideration of the Motion and Defendants CTE Healthcare, Communications LLC, and Leexan Hong's ("Defendants") response, Cadles' Motion is **DENIED** and is assigned to a Commissioner for the following reasons.

## BACKGROUND/PARTIES CONTENTIONS

This case arising from Defendants and Citibank N.A. ("Citibank") entering into a Commercial Credit Application/Agreement ("Loan Agreement") extending a line of credit to CTE Healthcare for up to $125,000 in 2008. Defendant Leexan Hong was a personal guarantor under the Loan Agreement.

Cadles acquired Citibank's interest in March 2017. From March 2017 to January 2022, Defendants made full and partial payments toward the line of credit. After January 2022, Defendants did not make any additional payments.

On January 31, 2022, Cadles sent Defendants letters indicating that Defendants were in default under the Loan Agreement and the loan was accelerated. On March 11, 2022, Cadles filed a Complaint against the Defendants alleging the Defendants breached a certain loan agreement by failing to timely make payments totaling at least $90,207.89.

On September 29, 2022, Cadles filed this Motion claiming Cadles has proven a breach of contract claim. Cadles argues the evidence shows all elements of a breach of contract claim were met, particularly the contract exists, a breach of obligation of the contract and resulting damages, and as such, Cadles is entitled to judgment as a matter of law. Cadles represents, as of the date the Complaint was filed, the principal balance under the Loan Agreement due and owing by Defendants is $78,245.64, unpaid interest of $11,331.96, unpaid late fees of $630.29, and continued interest accrual of $10.32 per diem.

On October 31, 2022, Defendants responded to the Motion arguing the sum owed by Defendants is uncertain, which the Defendants assert is an issue of material fact. Defendants believe the sum due is $50,000, a number significantly lower than that Cadles claims Defendants owe, due to uncredited payment made to the account. Defendants point out Cadles' Account History for Defendants does not show the account history during the 2008 to 2017 period, the entirety of the loan period. Defendants are disputing the payments made during 2008 to 2017 as they believe the principal balance was not correctly calculated. Additionally, Defendants assert the question of whether Cadles made good faith effort mitigate damages, as required by Delaware law, is another issue of material fact.

## STANDARD OF REVIEW

Under Superior Court Rule 56, the Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[1] The moving party bears the initial burden of showing that no material issues of fact are present.[2] Once such a showing is made, the burden shifts to the non-moving party to demonstrate that there are material issues of fact in dispute.[3] In considering a motion for summary judgment, the Court must view the record in a light most favorable to the non-moving party.[4] The Court will not grant summary judgment if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law.[5]

## DISCUSSION

The Court finds there are genuine issues of material fact present regarding the sum Defendants owe Cadles.

---

[1] Super. Ct. Civ. R. 56(c); *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).
[2] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[3] *Id.* at 681.
[4] *Burkhart*, 602 A.2d at 59.
[5] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *Phillip-Postle v. BJ Prods., Inc.*, 2006 WL 1720073, at *1 (Del. Super. Ct. Apr. 26, 2006).

4

In viewing the record in a light most favorable to the non-moving party, the sum owed to Cadles cannot be determined. As Defendants correctly point out, account summary from Cadles claiming Defendants owe $78,245.64 in principal balance starts in 2017, with no record of Defendants payments to Citibank. It seems desirable to inquire further into the payments made from 2008-2017 to clarify the sum owed to Cadles. Because discovery ended earlier this year and the only outstanding issue is the amount owed, this matter is assigned to a Commissioner to make such determination.

This Court does not agree with Defendants sentiments regarding Cadles duty to mitigate. While Cadles owes a general duty to mitigate damages if it is feasible to do so,[6] such a strategy to mitigate is subject to reasonableness and whether the loss is mitigable.[7] Here, Defendants argue Cadles failed to mitigate damages by not engaging in any efforts to negotiate Defendants' debt. Defendants' argument does not offer credible means by which Cadles could have mitigated its damages from Defendants' failure to pay. Given Cadles is owed for Defendants' breach of contract, this Court is not willing to conclude the loss is mitigable nor will it find Cadles decision to not engage in negotiations with Defendants as unreasonable.

---

[6] *Norkei Ventures, LLC v. Butler-Gordan, Inc.*, 2008 WL 4152775, at *2. (Del. Super. Aug.28, 2008).
[7] *W.Willow-Bay Court LLC v. Robino-Bay Court Plaza, LLC*, 2009 WL 458779, at *8 (Del. Ch. Feb. 23, 2009).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **DENIED.** This case is assigned to a Commissioner to determine the amount owed to Plaintiff.

**IT IS SO ORDERED.**

**/s/ Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**