# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARIE DISTEFANO, a Delaware resident, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No.: N20C-03-246 KMM |
| v. | ) ) ) | |
| PIKE CREEK HEALTHCARE SERVICES, LLC doing business as CADIA REHABILITATION PIKE CREEK, CADIA HEALTHCARE, LLC, ENCOMPASS HEALTH CORPORATION, doing business as, ENCOMPASS HEALTH REHABILITATION HOSPITAL OF MIDDLETOWN, LLC, formerly known as, HEALTHSOUTH REHABILITATION HOSPITAL OF MIDDLETOWN, WOUND HEALING SOLUTIONS OF PENNSYLVANIA AND DELAWARE LLC, TEAM HEALTH, INC., TEAM HEALTH HOLDINGS, INC., IPC HEALTHCARE, INC., IPC THE HOSPITALIST MANAGEMENT COMPANY, LLC, and ASHISH KHANDELWAL, M.D., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## <u>ORDER</u>

Date Submitted: April 24, 2024
Date Decided: May 6, 2024

*Upon Wound Healing Solutions of Pennsylvania and Delaware, LLC's Motion for Summary Judgment* **GRANTED.**

## Introduction

1. Plaintiff filed this medical negligence action on March 25, 2020, against multiple defendants, asserting that while she was treated at the various facilities, the defendants failed to properly monitor and treat a post-surgery infection.[1]

2. Defendant Pike Creek Healthcare Services, LLC ("Pike Creek") filed an answer and a cross-claim against all defendants on June 24, 2020. In its cross-claim, Pike Creek sought apportionment of liability to permit it to seek contribution from its co-defendants.[2]

3. A trial scheduling order was entered on March 17, 2021, which was amended multiple times.[3]

4. Plaintiff later voluntarily dismissed certain defendants, including Wound Healing Solutions of Pennsylvania and Delaware LLC ("Wound Healing"), on July 19, 2023.[4]

5. On April 11, 2024, Wound Healing filed a Motion for Summary Judgment (the "Motion").[5] No party filed an opposition to the Motion; however, Pike Creek filed a response[6] requesting certain relief if the Motion is granted.

---

[1] D.I. 1, 4.
[2] D.I. 26.
[3] *See* D.I. 49, 51, 67, 105, 109, 116, 123.
[4] D.I. 122.
[5] D.I. 158.
[6] D.I. 161.

6. For the reasons discussed below, Wound Healing's Motion is **GRANTED**. Pike Creek's requested relief is **DENIED**.

### *Factual Background*

7. Plaintiff had spinal surgery at Christiana Hospital and was a patient at the hospital from July 26, through July 30, 2018.[7] Plaintiff was discharged to HealthSouth Rehabilitation Hospital of Middletown ("HealthSouth Rehabilitation"), where she was a patient until August 18, 2018.[8] She then became a patient at Pike Creek until August 24, 2018.[9] While at Pike Creek, plaintiff was examined and treated by Wound Healing.[10]

8. While at HealthSouth Rehabilitation, plaintiff's incision is alleged to have become infected, which was left untreated.[11] Plaintiff's condition further deteriorated while at Pike Creek.[12] Plaintiff was transferred to Christiana Care on August 24, 2018, where she was treated for severe sepsis and infection in the surgical area.[13] It is further alleged that as a result of the negligence of the defendants, plaintiff was required to undergo another surgery to address the infection and to remove the surgical hardware inserted in the July 2018 surgery.[14] Plaintiff then

---

[7] D.I. 4, ¶ 29.
[8] *Id.*, ¶ 34.
[9] *Id.*, ¶ 46.
[10] *Id.*, ¶ 48.
[11] *Id.*, ¶¶ 35-36.¶
[12] *Id.*, ¶¶ 47, 53.
[13] *Id.*, ¶ 57.
[14] *Id.*, ¶¶ 58, 61, 64.

received post-surgical treatment at another facility and later required another hospitalization.[15] As a result of the various providers' medical negligence, plaintiff alleges she sustained permanent injuries and suffered damages.

### *The Motion*

9. In April 2023, plaintiff served her expert disclosures and accompanying reports.[16] In September 2023, plaintiff served her rebuttal expert disclosures and accompanying reports.[17] Of the experts identified by plaintiff, only Kathleen Hill-O'Neill, DNP, RN, CNRP, NHA and Richard Berg, M.D. may be qualified to offer a standard of care opinion in relation to the care and treatment provided by Wound Healing.[18] As of the time the Motion was filed, all plaintiff's experts were deposed except Ms. Hill-O'Neill.[19] According to Wound Healing, none of plaintiff's experts offered opinions against Wound Healing.[20]

10. On July 26, 2023, two defendants served their expert disclosures and reports.[21] On July 27, 2023, Pike Creek filed its expert disclosures and reports.[22]

---

[15] *Id.*, ¶¶ 66-67, 73.
[16] D.I. 158, ¶ 2.
[17] *Id.*
[18] *Id.*
[19] *Id.*, ¶¶ 6, 12.
[20] *Id.*
[21] *Id.*, ¶ 4.
[22] *Id.*

None of these experts offered an opinion with respect to the care and treatment provided by Wound Healing.[23]

11. Wound Healing asserts that because medical expert testimony is required to prove medical negligence as to the standard of care and causation and none has been provided against it, it is entitled to summary judgment.

12. On April 18, 2024, plaintiff filed a letter advising the Court that she does not oppose the Motion.[24] On April 29, 2024, defendants Khandelwal and Inpatient Consultants of Delaware, Inc. filed a letter advising the Court that they take no position on the Motion.[25]

13. On April 24, 2024, Pike Creek filed a Response to the Motion.[26] Pike Creek advised that it takes no position on the Motion. However, if the Motion is granted, Pike Creek requests "that parties be precluded from offering any testimony (including lay or expert), argument or evidence critical of the care provided by" Wound Healing.[27]

### *Summary Judgment Standard*

14. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.[28] The

---

[23] *Id.*, ¶ 5.
[24] D.I. 160.
[25] D.I. 162.
[26] D.I. 161.
[27] *Id.*, ¶ 7.
[28] Super. Ct. Civ. R. 56(c); *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

moving party bears the initial burden of showing that no material issue of fact remains.[29] On a motion for summary judgment, the Court must view the record in a light most favorable to the nonmoving party.[30]

15.   After adequate time for discovery, if the party bearing the burden of proof at trial fails to "make a showing sufficient to establish the existence of an element essential to that party's case," summary judgment is appropriate because the moving party is entitled to judgment as a matter of law.[31]

*Analysis*

16.   In a medical negligence action, Delaware law requires that expert medical testimony be presented as to the alleged deviation from the applicable standard of care and to causation of the alleged injuries.[32] Thus, these are essential elements of a claim of medical negligence.

17.   Plaintiff obviously has not provided any medical expert testimony on the standard of care or causation against Wound Healing, as she dismissed her claim against Wound Healing.

18.   No defendant has asserted that their expert has offered an opinion on the standard of care or causation against Wound Healing, including Pike Creek.

---

[29] *Moore*, 405 A.2d at 680.
[30] *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).
[31] *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).
[32] 18 *Del. C.* § 6853(e).

5

19. It appears that the remaining claim against Wound Healing is the cross-claim filed by Pike Creek. Pike Creek would bear the burden of proof at trial on this claim. Without expert medical testimony against Wound Healing, Pike Creek has failed to establish the existence of an element essential to its claim against Wound Healing. Accordingly, Wound Healing is entitled to summary judgment.

20. It is unclear from Pike Creek's Response what testimony or evidence it seeks to exclude. The Response does not provide any factual background for its requested relief. Because the Court cannot discern what testimony or evidence may be offered, there is no basis to grant the requested relief. If Pike Creek can identify specific evidence or testimony it desires to exclude, it may do so through an appropriate motion.

**IT IS HEREBY ORDERED.**

*/s/Kathleen M. Miller*
Judge Kathleen M. Miller

6